## Bates vs. Campbell.

*Ejectment, who may maintain.*

Bare possession constitutes an *interest* in land, sufficient to sustain ejectment against a mere wrong-doer who has intruded on such possession.

APPEAL from the Circuit Court for *Pierce* County.

Ejectment, etc., commenced in 1869. The complaint alleges that since May, 1860, "plaintiff has been residing upon and in the actual occupancy of the S. E. ¼ of the N. E. ¼ of section 36, and the W. ½ of the N. W. ¼, and N. W. ¼ of the S. W. ¼ of section 31, of a certain township in said county, containing 160 acres, more or less, and has improvements made and erected thereon of the value of $800," and that he "has an actual subsisting interest in" said W. ½ of the N. W. ¼ and N. W. ¼ of the S. W. ¼ of section 31, "by virtue of chapter 161, Laws of 1869," "and that on the 23d of April, 1869, he made and filed his written statement of proof of claim" to said last-mentioned premises, "as required by the provisions of said chapter 161, in the office of the secretary of the state of Wisconsin, with the commissioners of school and university lands of said state, setting forth in said statement that he had *bona fide* improvements upon said premises to the value of over one hundred dollars, on the first day of March, 1869." It further alleges that plaintiff "is now entitled to the sole and exclusive possession" of said premises; that the defendant forcibly and unlawfully entered and unlawfully withholds the possession of said N. W. ¼ of the S. W. ¼ of section 31, to plaintiff's damage $200; that since January 1, 1869, he has cut down, destroyed, and carried away and converted to his own use, a large quantity of the standing timber upon said last-mentioned premises, to wit, about one hundred trees of the value of $150, and is now engaged in cutting down and destroying the timber now

standing thereon, and threatens to continue so doing, to plaintiff's great and irreparable damage. The judgment demanded is, that defendant surrender to plaintiff "the possession of said premises, and pay to him the sum of $350 damages for the unlawful holding of said premises and the waste committed thereon;" and also for an injunction restraining defendant, his agents, etc., from entering upon "said above-described premises, or any part or portion thereof," or cutting trees or removing timber therefrom, or in any manner interfering therewith. A demurrer to the complaint, as not stating a cause of action, was sustained, with leave to amend the complaint; and from this order plaintiff appealed.

*Wise & Hough*, for appellant:

Possession, residence and improvements to the value of $50, on a quarter section of 160 acres, is sufficient, under our statutes, to maintain an action to recover the possession and for injuries thereto. R. S., ch. 152, secs. 1, 2, 3, and ch. 141, sec. 4; 33 Cal. 102, 111. Possession is sufficient to sustain an action for injuries to real estate. R. S., ch. 152; 16 Cal. 220; 15 id. 144, 150, 275, 283, 361, 364, 367; 18 id. 108. An allegation of possession is sufficient to sustain the action, as that is evidence of title. 16 Cal. 220; 4 Nev. 65; 4 Johns. 211; 2 Till. & Sh. Pr. 103; 6 Bosw. 154; 35 Barb. 293; 32 id. 298; 16 id. 131; 10 id. 254, 454; 15 id. 485; 15 Wend. 171; 9 id. 223; 2 Johns. 22; 4 id. 202; 10 id. 338, 354–356; 11 id. 508; 16 id. 184, 314; 4 Cow. 61; 5 id. 200; 9 id. 613; 7 id. 637; 7 Wis. 439; 10 id. 509. It is the policy of the law to protect the pioneer in the enjoyment of his improvements. *Rogan v. Walker*, 1 Wis. 527. The allegations of the complaint are sufficient under ch. 161, Laws of 1869.

*A. P. Weld* and *White & Button*, for respondent:

The N. W. ¼ of the S. W. ¼ of sec. 31 is the only parcel of land upon which the action is founded. The complaint should allege that plaintiff "has an estate or

interest" in said forty, "particularly stating the nature and extent of such estate or interest," whether in fee, dower, for life or for years. R. S. ch. 141, sec. 4. The only interest which plaintiff claims is "by virtue of ch. 161, Laws of 1869;" but the complaint does not show that said sec. 31 is within the limits of the railroad grants mentioned in that chapter; and, besides, the act itself is utterly nugatory, because it attempts to dispose of lands belonging to the United States (*Pratt v. Brown*, 3 Wis. 619, 620), and the plaintiff was therefore a mere trespasser upon the lands. So long as they were government lands not subject to entry, defendant had the same right to go thereon that plaintiff had, and neither could maintain an action — not even trespass — against the other.

PAINE, J. It may be that the complaint fails to show a title in the plaintiff, but it does show possession and a right to the possession as against the defendant. And the authorities cited by the appellant's counsel, and others that might be cited, show that possession is sufficient to enable a party to recover in ejectment, against a wrong-doer intruding upon such possession. In the case of *Hoey v. Furman*, 1 Pa. St. 295, it was held that a plaintiff who was himself a wrong-doer, and had wrongfully entered upon land and disseized the rightful owner, might still recover in ejectment against a subsequent wrong-doer who entered upon his possession, although such plaintiff had not yet acquired any prescriptive right as against the real owner. The same rule prevails in respect to actions to defend the possession of personal property. The wrong-doer who, without any right, invades the peaceable possession of another, cannot defend successfully by showing that such other had not a perfect title. The actual possession is sufficient evidence of title against every one who cannot show a better right.

There seems no reason why the same rule does not prevail in respect to real estate. It is reasonable, and tends to promote justice and preserve the peace and good order of society. For the opposite rule would encourage wrong-doers to invade the peaceable possession of others, in all cases where the title was imperfect.

The only doubt we have had upon the subject has arisen upon the language of our statute, which declares that no person can recover in an action for real estate, "unless he has, at the time of commencing the action, a valid subsisting interest in the premises claimed, and a right to recover the same or to recover the possession thereof," and also that the complaint shall set forth that the plaintiff has an estate or interest, particularly stating the nature and extent of such estate or interest, and whether "in fee, in dower, for life, or a term of years." R. S., chap. 141, sections 2 and 4. It might be claimed, perhaps, that the statute did not recognize any other estate or interest in land than those specifically named. But it has always been held that *bare possession* constitutes the first degree of title. Greenleaf's Cruise on Real Property, vol. 3, p. 312. And although the statute does not specifically mention this as one of the degrees of title which may be specified in the complaint, we do not think that circumstance is sufficient to show any intention to abrogate that which had so long been the settled rule of law, that bare possession was sufficient title to sustain a possessory action against a mere wrong-doer. We think, therefore, that when a complaint shows an actual possession by the plaintiff under a claim of right, and an invasion of that possession by a wrong-doer, it does show a valid existing interest entitled to protection, under the statute, so far as such wrong-doer is concerned.

*By the Court.* — The order sustaining the demurrer is reversed, and the cause remanded for further proceedings.