Hammer vs. Hammer.

====

HAMMER vs. HAMMER.

REAL ESTATE: EJECTMENT: EVIDENCE. *(1) Allotment of land under act of congress gives equitable title. (2) Evidence of such allotment, and of possession under it, in ejectment.*

1. An allotment of land in the Brothertown Reservation under the act of congress of March 3, 1839, vested in the allottee an equitable title, though the naked legal title probably remained in the United States.
2. In ejectment by the widow of the allottee (to whom his estate descended under the statute, upon his death without issue), it was error to reject evidence of such allotment accompanied by evidence that the allottee entered into possession under it, claiming the land as his own, and continued so to occupy it for more than twenty years; such evidence tending to show a valid title in him at his death.

APPEAL from the Circuit Court for *Calumet* County.

Ejectment, for lands in the Brothertown Reservation, the complaint alleging that the plaintiff, *Elizabeth Hammer*, had an estate in fee simple in said premises, as the widow of Ira Hammer, deceased. Answer, a general denial. The case was tried by the court without a jury. It appeared from the testimony of plaintiff's witnesses, that Ira Hammer resided on the premises in dispute at the time of his death, and had resided thereon for more than twenty years previous; that the

plaintiff and he were married in Oneida county, New York, by a justice of the peace, in 1827, and lived together for nearly seven years, having five children, who were all dead; that they then separated, and about the year 1836, Ira Hammer came to this state, where he lived, until the date of his death, in the same house with the defendant, having a family of children by her; that plaintiff came to this state about the year 1839, and lived in the Brothertown Reservation in the same house with one Allen Murdock, by whom, however, she had no children; that defendant's name was Betsey Johnson, "or, as she called herself, Betsey Hammer," and plaintiff was sometimes called Betsey Murdock, though the people at Brothertown, to distinguish them, generally called plaintiff Betsey Al. [Allen], and the defendant Betsey Ira; and that Ira Hammer and the plaintiff were never divorced according to the laws of New York or Wisconsin. One of the witnesses testified that she was a Brothertown Indian, sixty-four years old; had known the plaintiff and Ira Hammer ever since she could remember, her first acquaintance with them being in Oneida county, N. Y. On her cross examination she testified that the plaintiff and Ira Hammer, at the time of their marriage, belonged to the Brothertown Indians; that these were not a tribe, nor was there ever such a tribe, but they were remnants of different tribes; that they adopted the laws of New York; that witness "knew of no custom among them that allowed a marriage or a separation, except a marriage by a justice of the peace or a minister, and a separation by a divorce, the same as white folks."

The plaintiff then offered certain evidence of Ira Hammer's title to the premises in dispute, the character of which is fully stated in the opinion. The evidence was rejected, and a judgment of nonsuit rendered, from which plaintiff appealed.

The cause was submitted on briefs.

*A. M. Blair*, for appellant:

Defendant having only denied plaintiff's title without set-

ting up any other, the only question is, whether plaintiff proved or offered to prove enough to entitle her to recover. Under the issue joined, plaintiff need only show that she was the widow of Ira Hammer, deceased; that the latter died possessed of the premises, without issue; and that defendant was in possession at the commencement of this action. These propositions were not controverted by defendant, but she claimed that plaintiff must also prove a record title in Ira Hammer, and the court so held. Possession of land with claim of title is *prima facie* evidence of seizure in fee, and is a sufficient title to support ejectment. *Carpenter v. Weeks*, 2 Hill, 341; *Jackson v. Waltermire*, 5 Cow., 299; *Jackson v. Denn*, id., 200; *Graham v. Penfield*, 8 Car. & Payne, 536; *Jackson v. Hazen*, 2 Johns., 22; *Jackson v. Harder*, 4 id., 202. When one dies in possession of premises, that is *prima facie* evidence of title by descent in his heirs. *Smith v. Lorillard*, 10 Johns., 339. 2. The equitable title to the land in dispute became vested in Ira Hammer by the allotment of the commissioners, and the land by such allotment became liable to taxation, the legal title alone remaining in the United States. *Whitney v. Gunderson*, 31 Wis., 359; *Witherspoon v. Duncan*, 4 Wall., 210.

*Coleman & Spence*, for respondent:

1. Ira Hammer became a citizen of the United States by virtue of an act of congress, approved March 3, 1839, entitled "An act for the relief of the Brothertown Indians in the territory of Wisconsin." 5 U. S. Stats., ch. 83, sec. 7. If he had any title to the lands in question, it was by virtue of that act, which provides for the appointment of commissioners for the purpose of making partition and division of lands among the individuals of the tribe. The court below properly rejected the certificate of the register of deeds of Calumet county, showing the allotment of the lands to Ira Hammer, for the reason that such allotment was no evidence of title in him. Sec. 6 of the act provides that the "commissioners shall de-

posit one copy of their report with the clerk of the county, and shall transmit another to the president of the United States," etc. The certificate of the register of deeds is not evidence of the allotment, first, because there was no law authorizing it to be filed there; and second, because the section expressly declares that the members of the tribe are authorized to hold the lands allotted to them by the patents issued. It provides, that " the president shall thereupon cause patents to be issued to the several individuals named in said report, for the lands so apportioned to them respectively, *by which* the said persons shall be authorized to hold the said lands in fee simple to themselves and their heirs and assigns." Plaintiff's claim as the heir of Hammer, under grant from the United States, was therefore not sustained by any competent proof. Nothing but the patent could show such title. 2. Plaintiff's offer to show possession in Ira Hammer at the time of his death, etc., was properly rejected. (1) The plaintiff and Hammer were not citizens of the United States at the time of the alleged marriage, and did not become so until the passage of the act of congress above mentioned. They were Indians, and subject to our laws only so far as the public safety required. By custom among tribes of Indians, either party may dissolve the marriage contract at pleasure; and the fact that the marriage is solemnized by the laws of the United States, does not make it more binding upon the parties. The fact that they separated, and lived apart for forty years, each taking another partner, shows that they considered the marriage contract between them dissolved; and if so, plaintiff has no right to the property owned by Hammer at his death. Tyler on Inf. & Cov., 826; *Johnson v. Johnson*, 30 Mo., 72; *Goodell v. Jackson*, 20 Johns., 710. (2) Plaintiff, having lived in the vicinity of defendant and her children over twenty years, making no claim to this property, and no claim to be Hammer's wife, but living with another man, is *estopped*, on grounds not only of public policy but of good

faith towards defendant and her children, from repudiating her representations. 1 Greenl. Ev., § 207; 2 Parsons on Con. (4th ed.), 340, note 2.

COLE, J.   The ground of the decision granting the nonsuit is not stated, and, as the bill of exceptions does not purport to contain all the evidence given on the trial, we are unable to determine what it was.

The plaintiff seems to have shown, *prima facie* at least, that she was married to Ira Hammer in September, 1827, in Oneida county, New York, by a justice of the peace, and that she was never divorced from him.   It also appeared that Hammer died in 1873, leaving no issue by the plaintiff.   Under the statute his estate descended to his widow.

As a part of her case, the plaintiff offered in evidence a certificate of the register of deeds of Calumet county, in which the register certified that he had carefully examined the records in his office, and found that the lot in question in the Brothertown Reservation was allotted to Ira Hammer pursuant to the act of congress of March 3, 1839, as appeared by a map or plat of the Brothertown Reservation certified to by the commissioner of the general land office at Washington and filed in the register's office.   The attorneys of the parties had stipulated that this certificate of the register as to the filing and contents of the allotment of lands of the Brothertown Indians in the Brothertown Reservation should be admitted in evidence on the trial the same as if the original allotment were offered in evidence.   The admission of the certificate was objected to, and it was ruled out as not being evidence of title in Ira Hammer.   In connection with this proof the plaintiff offered to show that Hammer took immediate possession of the premises allotted to him in 1839, claiming them as his own, and occupied them until his death.   But this evidence was excluded on the objection of the defendant.   It seems to us the evidence offered, if not conclusive upon the question of

ownership, tended to prove title in Ira Hammer, and should have been admitted. According to the stipulation, the certificate of the register, as to the filing and contents of the report of the commissioners, was to have the same effect in evidence as the original report. There can be no doubt that the allotment under the act of congress vested in the allottee an equitable title, if it did not give him the fee, as it probably did not (see ch. 83, 5 U. S. Stats. at Large, p. 349, sec. 6). But though the naked legal title remained in the United States, all the beneficial interest passed to the allottee, who became the real owner of the property. His rights were the same in respect to the land apportioned to him, as those of an ordinary purchaser who receives the usual certificate at a cash entry. *Witherspoon v. Duncan,* 4 Wall., 210; *Whitney v. Gunderson,* 31 Wis., 359. Now it was proposed to show that Hammer entered into possession under the allotment, claiming the land as his own, and continued in the occupation of it for more than twenty years. And the question is, Did not the original allotment, and this proof of possession under it until the bar of the statute had run (ch. 138, sec. 6), tend to show a valid title in Ira Hammer at the time of his death? It seems to us that the question must receive an affirmative answer. It will be borne in mind, that under our statute a receiver's receipt, or the certificate of the entry or location of lands made by a receiver or register, is made *prima facie* evidence of title. Sec. 130, ch. 137, R. S. Doubtless, Hammer in his lifetime could have maintained an action of trespass or ejectment against any disseizor or trespasser. No court, upon the facts proposed to be proved, could deny his right to maintain either action under our statutes. In *Bates v. Campbell,* 25 Wis., 613, it was held that bare possession constitutes an interest in land, sufficient to sustain ejectment against a wrongdoer who has intruded on such possession. And in *Carpenter v. Weeks,* 2 Hill, 341, which was an action of ejectment for dower set off to the plaintiff, Mr.

Justice Cowen says: "Possession of land with claim of title is *prima facie* sufficient evidence of seizin in fee, even to sustain the demandant's claim in a writ of right. (*Doe ex dem. Graham v. Penfold*, 8 Carr. & Payne, 536, with the cases cited in Cowen & Hill's Notes to 1 Phil. Ev., 354.) Some cases do not even require a claim, but hold a naked unexplained possession to be *prima facie* sufficient. In *Jackson v. Waltermire* (5 Cow., 301), which was dower *unde nihil habet*, Savage, C. J., said he thought the same evidence of seizin should entitle the widow to recover her dower, as would be sufficient to authorize a recovery by the heir. In such case the seizin of the deceased is proved by showing his actual possession of the premises."

There can be no doubt that the evidence offered by the plaintiff should have been admitted as tending to establish her right to recover. Other questions are discussed in the briefs of counsel; but as the bill of exceptions does not purport to contain all the evidence given on the trial, we are in the dark as to what the facts were, bearing upon those questions. Of course we express no opinion upon them.

*By the Court.*—The judgment of the circuit court is reversed, and a new trial ordered.