HACKER, Respondent, vs. HORLEMUS, Appellant.

*February 25 — March 12, 1889.*

*Ejectment: Adverse possession: Proof of plaintiff's title: Extent of adverse holding: Informalities in deeds: Entry: Intention: Court and jury.*

1. In ejectment, long possession and actual and continued occupancy under claim of title based upon deeds of conveyance are *prima facie* evidence of title in the plaintiff, and the mere fact that he fails to show a title through a patent from the United States is not sufficient to defeat his action.

2. Under sec. 4211, R. S., the whole of premises, not divided into lots, included in a conveyance will be deemed to have been held adversely, notwithstanding a small strip thereof was never in the actual possession or occupancy of the persons claiming thereunder.

3. Informalities in the deeds under which a person claims to have entered and held possession under sec. 4211, R. S., are immaterial.

4. Whether an entry upon the land of another is an ouster or is in subordination to the other's title, depends upon the intention with which such entry was made, and is a question of fact for the jury.

APPEAL from the Circuit Court for *Washington* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

This is an action of ejectment for a narrow strip of land. The answer contained a general denial, and alleged continued adverse possession and occupancy for more than twenty years immediately preceding the commencement of the action. Upon the trial the jury returned a verdict in favor of the plaintiff, to the effect that he was the owner in fee simple of the premises, and entitled to the possession thereof, and that the defendant unlawfully withholds the same from the plaintiff, to his damage in the sum of $9. From the judgment entered thereon the defendant appeals.

For the appellant there were briefs by *Paul A. Weil*, attorney, and *Rose & Bell*, of counsel, and oral argument by *A. W. Bell*. To the point that it was necessary for plaintiff to show title from the United States, they cited *Plummer v. Lane*, 4 Harris & McH. 72; *Cornelius v. Kessel*, 53 Wis. 395; *Knight v. Leary*, 54 id. 459; *Culbertson v. Coleman*, 47 id. 196; *Bracken v. Preston*, 1 Pin. 584.

For the respondent there was a brief by *P. & T. O'Meara*, attorneys, and *Fred. S. Hunt*, of counsel, and oral argument by *Mr. P. O'Meara*.

CASSODAY, J. This case was here on a former appeal. 69 Wis. 280. As it there appears, the plaintiff and his grantors had been in the possession and occupancy of all of the south half of the quarter section described, except the strip in question, for more than thirty years immediately prior to the commencement of this action, claiming to be the owners thereof under and by virtue of deeds of the same to said grantors; and during that time said grantors caused a crooked fence to be built near the north line of said land, and without knowing just where the line was. It also there appears that for more than twenty years immediately prior

to the commencement of this action the defendant had been in the continuous possession and occupancy of the north half of said quarter section, under deeds conveying the same to him, and also that part of the land described in the plaintiff's deed that lay north of said fence. It was there "held that the questions whether such strip was a part of the south half of such quarter section, and whether the defendant's possession was adverse, should have been submitted to the jury," and hence that a nonsuit had been improperly granted; and accordingly the judgment was reversed and the cause was remanded for a new trial. Upon such new trial the verdict was in favor of the plaintiff, as stated, and the judgment entered thereon is now here for review.

It is claimed that the plaintiff must recover on the strength of his own title, and not on the weakness of the defendant's title. *Kelley v. McKeon*, 67 Wis. 563. While this is true, yet it is also true that long possession and actual and continued occupancy under claim of title based upon deeds of conveyance are *prima facie* evidence of title, even in ejectment. *Bates v. Campbell*, 25 Wis. 613; *Hammer v. Hammer*, 39 Wis. 182; *Winans v. Christy*, 60 Am. Dec. 597; *Bequette v. Caulfield*, 60 Am. Dec. 615; *Keane v. Cannovan*, 82 Am. Dec. 746; *Jones v. Bland*, 112 Pa. St. 176. The mere fact, therefore, that the plaintiff failed to show a title through a patent from the United States, was not sufficient to defeat him in the action.

Besides, the statute declares, in effect, that where the occupant, or those under whom he claims, entered into the possession of the premises under claim of title, exclusive of any other right, founding such claim upon deeds of conveyance of the premises in question, and "there has been a continued occupation and possession of the premises included in such instrument, . . . *or of some part of such premises*, under such claim, for ten years, the premises *so*

*included shall be deemed* to have been held *adversely;* except that when the premises so included consist of a tract *divided into lots,* the possession *of one lot* shall not be deemed the possession of any *other lot* of the same tract." Sec. 4211, R. S. Here it appears, from the undisputed evidence, that the plaintiff and his grantors had entered into and continued to be in such possession and occupancy, claiming title under such deeds, for more than thirty years immediately prior to the commencement of this action. The whole of the premises so included in such deeds, therefore, must be deemed to have been so held adversely, notwithstanding a small strip thereof north of said fence was not, during any of said period, in the actual possession or occupancy of the plaintiff or any of his grantors. It follows that the plaintiff must, in law, be deemed to have been the legal owner of the whole of the south half of the quarter section, and the occupation of the strip north of the fence by the defendant must be deemed to have been under and in subordination to such legal title in the plaintiff, unless it has been made to appear that such strip had been held and possessed adversely to such legal title for ten years under sec. 4212, R. S., or twenty years under sec. 4213, before the commencement of this action. Sec. 4210; *Schwallback v. C., M. & St. P. R. Co.* 69 Wis. 298. There is no pretense that the defendant founded his claim to the strip of land in question upon any written instrument, as being a conveyance of the same, or upon any judgment or decree, and hence he cannot claim adversely under the ten-year section cited. If he acquired any adverse possession of that strip, therefore, it was by virtue of "an actual continued occupation" of the same "under a claim of title, exclusive of any other right, but not founded upon any written instrument or any judgment or decree;" and then only could "the premises so actually occupied, and no other," be deemed to be held adversely. Sec. 4213, R. S. That is the very ques-

tion which was submitted to the jury, and which they resolved in favor of the plaintiff and against the defendant. The question whether the entry by one man upon the land of another is an ouster of the legal possession arising from the title depends upon the intention with which such entry was made. " If made under claim and color of right, it is an ouster; otherwise, it is a mere trespass. In legal language, the intention guides the entry and fixes its character." *Probst v. Trustees*, 129 U. S. 191. Whether the defendant's entry upon the strip, therefore, was an ouster of the plaintiff, or merely in subordination to the plaintiff's title, was a question of fact for the jury. *Ibid.*

The law being as indicated, the several exceptions to the charge on the ground that the court improperly assumed that the title to the whole of the south half of the quarter section was in the plaintiff unless he had lost the strip north of the fence by such adverse possession, must be overruled. So the objection to the evidence of the entry of the land in the United States land office, January 30, 1857, was unavailing, since it tended to support the plaintiff's right to adverse possession; and, even if it were otherwise, yet, in view of the undisputed evidence, as indicated, it would have been harmless. The same is true respecting the admission of the tax receipts. So the alleged informality in some of the deeds under which the plaintiff claims becomes immaterial, since they were, nevertheless, within the letter of the statutes cited, written instruments upon which he based his claim of title and adverse possession. *McMillan v. Wehle*, 55 Wis. 685. The charge is very full and fair throughout, and cautiously guarded all the legal rights of the defendant. The verdict was the determination of his claim.

*By the Court.*— The judgment of the circuit court is affirmed.