90   203
s97   25

90   203
o106 510
o106 512

ELOFRSON, Respondent, vs. LINDSAY, Appellant.

*April 4 — April 23, 1895.*

(1–5) *Deed: Description: Mistake: Evidence of intention: Color of title: Adverse possession: Ejectment: Title.* (6) *Tax deed: Notice of application.*

1. Parol evidence is not admissible in ejectment to show that conveyances were intended to cover the land in question and that it was through a mistake that they did not, where the instruments themselves are free from ambiguity.

2. It is only where the description in a deed is uncertain and doubtful that evidence of a practical location, followed by adverse possession, is competent to show the intention.

3. Possession of land under a deed which by mistake does not describe it, is not with color of title.

4. Where a deed does not describe the land in question, adverse possession thereof by the grantee is not aided by the prior possession of his grantors.

5. Actual possession of land is sufficient evidence of title to sustain ejectment, until the defendant shows a better title.

6. A tax deed is invalid if taken without notice that it would be applied for, in a case where such notice is required by sec. 1175, R. S.

APPEAL from a judgment of the circuit court for Dane county: R. G. SIEBECKER, Circuit Judge. *Reversed.*

Ejectment for a strip of land three feet wide and eight rods long, in the village of Marshall. The complaint is in the usual form. The answer is a general denial, except that it admits that the defendant is in possession and claims title by tax deeds.

The plaintiff produced in evidence a chain of conveyances, showing title in him of lands described as follows: "Commencing at the southwest corner of lot five (5), in block sixty-five (65), according to the recorded plat of the village of Marshall, as recorded in the office of the register of deeds; thence running east fifty-seven (57) feet; thence north eight (8) rods; thence west fifty-seven (57) feet; thence south

eight (8) rods, to the place of beginning." This description does not cover or include the tract described in the complaint, nor any part of it, nor does it touch it at any point. The plaintiff and his predecessors in possession have occupied the tract described in the complaint, together with adjoining lands, supposing that they owned it by virtue of such conveyances, for more than twenty years; and the plaintiff himself has occupied it for more than fifteen years, supposing that it was included in the description in such conveyances. The court, against objection, received extrinsic evidence to show that the description in the conveyances was intended to describe and include the strip described in the complaint.

The defendant relied upon a tax deed and possession under it, claimed to have been taken with the consent of the plaintiff. The plaintiff denies that he consented to defendant's possession, and claims that it was taken by intrusion into his peaceable possession. He contests the validity of the tax deed, on the ground that it was taken without the notice of intention to take it, required by sec. 1175, R. S., at a time when the premises were actually occupied by him, and upon a false affidavit that they were unoccupied. Upon these questions raised by the defense there was a conflict in the testimony.

The court directed a verdict for the plaintiff. From a judgment on that verdict the defendant appeals.

For the appellant there were briefs by *Bushnell, Rogers & Hall,* and oral argument by *A. R. Bushnell.*

*A. G. Zimmerman,* for the respondent.

NEWMAN, J. It was not competent to receive evidence to show that the conveyances were intended to cover and include the strip of land in controversy. The rule is that parol evidence to vary the terms of a written instrument, or to show an intention contrary to that disclosed upon its face, is not competent, unless there is ambiguity in the in-

strument itself. *Hubbard v. Marshall,* 50 Wis. 322; *Hei v. Heller,* 53 Wis. 415; *Scholz v. Dankert,* 69 Wis. 416; *Liebscher v. Kraus,* 74 Wis. 387; *Morss v. Salisbury,* 48 N. Y. 637; *Hill v. Priestly,* 52 N. Y. 635; *Hartt v. Rector,* 13 Mo. 497; Browne, Par. Ev. 199, 200, and cases cited. The description of the premises in the conveyances produced by the plaintiff was entirely free from ambiguity. Nothing could be added or subtracted which could make it more certain. And the premises described could be readily identified by a survey. The description was evidently a mistake. But evidence that it was a mistake, or to change the description, is incompetent in an action at law. The proper remedy for the correction of such a mistake is an action in equity for that purpose. In an action at law it must stand as it is written. *Casgrain v. Milwaukee Co.* 81 Wis. 113.

It is also well settled that, where the description of the premises in a deed is definite, certain, and unambiguous, extrinsic evidence to show acquiescence in a different location is inadmissible, unless such practical location is followed by an adverse possession for such a length of time as to bar an action for the recovery of the lands. Browne, Par. Ev. 322, and cases cited. It is only in cases where the description in the deed is uncertain and doubtful that evidence of a practical location, followed by adverse possession, is competent to show the intention. When a definite boundary is fixed by the grant, it must govern in all cases. *Hartung v. Witte,* 59 Wis. 285, 290, 291. This doctrine is recognized in many cases. *Messer v. Oestreich,* 52 Wis. 684; *Whitney v. Robinson,* 53 Wis. 309; *McMillan v. Wehle,* 55 Wis. 685; *Coe v. Manseau,* 62 Wis. 82; *Meade v. Gilfoyle,* 64 Wis. 18; *Lundgreen v. Stratton,* 73 Wis. 659.

So it is clear that the plaintiff failed to show a paper title to the strip of land in dispute. He also failed to show title by adverse possession. His possession was without color of title and falls short of the statutory period, while the fact

that he had no written conveyance leaves him without aid from the prior possession of his predecessors in possession. *Graeven v. Dieves*, 68 Wis. 317; *Ablard v. Fitzgerald*, 87 Wis. 516. But he did show actual possession of the strip. This is sufficient evidence of title to sustain his action, until the defendant has shown a better title. *Bates v. Campbell*, 25 Wis. 613; *Swift v. Agnes*, 33 Wis. 228, 240; *Hammer v. Hammer*, 39 Wis. 182; *Hacker v. Horlemus*, 74 Wis. 21. If the defendant's tax deed was valid it shows a better title. But its validity depends upon the question whether the premises were occupied as provided by law during the time preceding the taking of the deed. This is in dispute and doubt upon the evidence. It is also in dispute and doubt whether the defendant intruded into the premises, or whether he entered with the consent of the plaintiff. These questions should have been submitted to the jury. It was error not to submit them.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.