LARZELERE, Appellant, vs. WOOD, Respondent.

*October 2—October 20, 1908.*

*Adverse possession: Sufficiency of evidence: Appeal: Review: Questions of fact.*

1. The evidence in an action of ejectment is *held* insufficient to show plaintiff's continuous adverse possession of the land for twenty years.
2. Deference is due the judgment of the trial court on questions of fact, since it is in a better position to determine and better able to judge of the weight and credibility of the evidence than this court.

APPEAL from a judgment of the circuit court for Langlade county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

This is an action of ejectment brought to recover the possession of land fourteen rods east and west by twenty-seven rods north and south, situate in the northwest corner of the N. W. ¼ of the N. E. ¼ of section 10, town 31 N., range 14 E. The complaint is in the usual form, and the answer denies the plaintiff's title and alleges ten years' adverse possession by defendant under a written instrument. The plaintiff claims title by adverse possession for twenty years. The action was brought to trial in November, 1907, before the court and a jury. At the close of plaintiff's evidence the court granted a nonsuit, and judgment was entered dismissing the complaint, with costs, from which judgment this appeal was taken.

For the appellant there was a brief by *Goodrick & Goodrick,* and oral argument by *A. B. Goodrick.*

*Henry Hay,* for the respondent.

KERWIN, J. The only question upon this appeal is whether there was any evidence sufficient to carry the case to the jury. The plaintiff sought to establish his title by adverse possession for twenty years. There is evidence that he entered in 1872 and did some clearing; that he agreed

·with the owner to purchase the property for two loads of hay, which he never delivered, and never got a deed; that he occupied until 1889 and then went to Antigo. He seeks to make proof of continued adverse possession from 1889 to 1892 by occupancy through his tenants. He swears that he employed his nephew for a year, but there is no evidence that this tenant ever occupied. He next proves that after a year or two he rented the premises to one H. McConley. There is no evidence of when McConley took possession or how long he continued in possession. After McConley's occupancy one Theodore Smith took possession, and, so far as the evidence shows, Smith took possession in 1894. He was in possession about two years and vacated in 1896. Now, as the evidence stands, it would seem that there was a break in the continuity of possession between 1890 and 1892 of one year and probably more. It also appears from the evidence that plaintiff, soon after he took possession, built a log fence around the property in question, and this fence was there in a patched-up condition in 1889, when he left the property. But there is no evidence that the fence continued until 1892. On the contrary, the evidence is that before 1892 the property was used as commons for the pasture of the cattle of the neighborhood. The defendant sixteen or seventeen years before the commencement of this action took possession of the property and fenced in part of it. This action was tried in November, 1907, so that sixteen years before would be in 1891; and it also appears from the evidence that when defendant took possession the property had the appearance of having been unoccupied for some time. It therefore appears that before the expiration of twenty years from the time plaintiff took possession the property was vacant and a part of it in possession of defendant. The rule in respect to the proof required to establish title by adverse possession for twenty years has been often laid down by this court, and it is only necessary to refer to some of the cases. *Sydnor v. Palmer,* 29 Wis. 226; *Warren*

*v. Putnam,* 63 Wis. 410, 24 N. W. 58; *Allis v. Field,* 89
Wis. 327, 62 N. W. 85; *Ryan v. Schwartz,* 94 Wis. 403,
410, 69 N. W. 178; *Ill. S. Co. v. Budzisz,* 115 Wis. 68, 84,
90 N. W. 1019; *Ill. S. Co. v. Jeka,* 123 Wis. 419, 101 N.
W. 399; *Furlong v. Garrett,* 44 Wis. 111.

The printed case is quite defective in the omission of
much of the material evidence on the question presented.
Nor is the evidence as it appears in the bill of exceptions as
positive and satisfactory as the law requires under the rule
in such cases. Deference is due the judgment of the trial
court on questions of fact, since he is in a better position to
determine and better able to judge of the weight and credi-
bility of the evidence than this court. *Bannon v. Ins. Co.
of N. A.* 115 Wis. 250, 91 N. W. 666; *Beyer v. St. Paul F.
& M. Ins. Co.* 112 Wis. 138, 88 N. W. 57; *Lee v. C., St. P.,
M. & O. R. Co.* 101 Wis. 352, 77 N. W. 714; *Harrigan v.
Gilchrist,* 121 Wis. 127, 99 N. W. 909.

After a careful examination of the evidence we cannot
say that the court below was wrong in granting the nonsuit;
therefore the judgment must be affirmed.

*By the Court.*—The judgment is affirmed.