KLOOZ, Respondent, vs. HOOD, Appellant.

*May 14—June 4, 1912.*

*Boundary lines: Adverse possession.*

Evidence in ejectment *held* to sustain a finding by the court that
    the disputed strip had been adversely possessed by plaintiff for
    more than twenty years.

APPEAL from a judgment of the circuit court for La Crosse
county: E. C. HIGBEE, Circuit Judge. *Affirmed.*

The action is ejectment for a small strip of land about six
feet wide and twenty-five feet long in block 1 of Rublee &
Ober's subdivision, a part of Rublee & Gillette's addition to
the city of La Crosse.  A substantially correct map of said
block as it appears on the recorded plat of the subdivision is
here given in order to make clear the contentions of the par-
ties.  It will be understood that the small square marked
"Barn" upon the map is not upon the plat as recorded.

The plaintiff has record title to lot 6 and the west half of
lot 10, the defendant record title to lot 9.  The controversy
is as to the location of the line between lots 9 and 10.  The
various owners of the lots on the north side of the block have
always occupied those parts of the ten-foot strip north of their
respective lots as part of their respective holdings, although
the strip never was included in their deeds.  This strip is in
fact about twelve and one-half feet wide.  It appears that

prior to October, 1910, the defendant maintained a barn upon
lot 9, the east side of which barn stood a short distance west
of the line between lots 9 and 10, and that during said month
he moved the same easterly a number of feet. The plaintiff
claims that the defendant moved the barn so far east that it
encroached upon lot 10 a distance of nearly six feet. The
square which is marked "Barn" on the map indicates the po-
sition in which, according to the plaintiff's contention, the

barn now stands. On the other hand, the defendant claims
that no part of the barn encroaches upon lot 10. The action
is brought to recover possession of a strip of land 5.9 feet
in width at the north end, 6.5 feet in width at the south
end, and 24.4 feet in length, covered by the east side of
the barn. It will be seen by reference to the map that the
north part of the strip in controversy is in the ten-foot
strip outside of the platted limits of lot 10. It appears that
West avenue was laid out upon a section line, and that the
section lines in the city of La Crosse incline very markedly
to the east. It is claimed by the plaintiff that Thirteenth
street runs due north and south, and that the lot lines in
the block are laid out either parallel to, or at right angles
with, Thirteenth street. If this be correct, then there is no
doubt that the defendant's barn extends over upon plaint-
iff's lot, as she claims. On the other hand, the defendant

claims that the north and south lines in the block are parallel to West avenue. If this be the fact, then the north line of lot 9 must necessarily be of the same length as the south line of lot 7, *i. e.* 147 feet, and in this event the east side of the barn as at present located would be just within the lines of lot 9. Only one of the original monuments which were set when the plat was originally surveyed is in existence, and that is more than a block distant from the line in question. There was evidence on behalf of the plaintiff tending to show adverse possession by the plaintiff and her grantors of the strip in controversy for more than twenty years before the commencement of this action, and the court (trial by jury having been waived) found such adverse possession to have been proven and rendered judgment for the plaintiff, from which judgment this appeal is taken.

*C. L. Hood,* appellant, in person.

For the respondent there was a brief by *Bunge & Bosshard,* and oral argument by *G. W. Bunge.*

WINSLOW, C. J. The judgment appealed from is to be based upon the finding of adverse possession of the disputed strip by the plaintiff and her grantors for more than twenty years prior to the removal of defendant's barn, and it is frankly admitted by the appellant that unless this finding be overturned there is no necessity of considering any other questions.

This is purely a question of fact involving no consideration of legal principles, but simply a review of the evidence. We have carefully made such a review, and find that there is ample evidence to the effect that the plaintiff and her grantors, through their various tenants, used the disputed strip as a driveway for considerably more than twenty years prior to the removal of the defendant's barn. No extended review of the evidence would be of any value.

*By the Court.*—Judgment affirmed.