KLOOZ, Respondent, vs. HOOD, Appellant.

*December 8, 1914—January 12, 1915.*

*Ejectment: Who may maintain.*

One in peaceable possession of land under a claim of ownership, even if in fact he has no title, may maintain ejectment against a mere trespasser who intrudes upon such possession.

APPEAL from a judgment of the circuit court for La Crosse county: E. C. HIGBEE, Circuit Judge. *Affirmed.*

*C. L. Hood,* for the appellant.

For the respondent there was a brief by *Geo. W. Bunge* and *Otto Bosshard,* and oral argument by *Mr. Bunge.*

BARNES, J. This case was before the court on a former appeal and is reported in 150 Wis. 208, 136 N. W. 641. A plat is there reproduced showing the parcel of land in dispute. The plaintiff claimed that the west boundary line of lot 10 should be located as shown on the plat and the defendant claimed that it should be several feet further east. On the first appeal it was held that plaintiff had shown title by adverse possession to the disputed strip. On the last trial the court found on sufficient evidence that the original boundary line was located as claimed by the plaintiff, and also that plaintiff had been in possession of and used and occupied the strip in question for more than twenty years. The defendant appeals from a judgment awarding title and possession to the plaintiff. The finding as to the location of the true line concededly eliminates all of the parcel involved from further controversy, except the portion of it lying within the ten-foot strip to the north of the north boundary line of block 1, this parcel being about ten feet long from north to south and about six feet wide from east to west. As to this strip, neither of the parties owns the record title.

It is the contention of the defendant that on the last trial the plaintiff wholly failed to prove any use, occupancy, or pos-

session of the parcel prior to 1898, and that, plaintiff not having the record title or title by adverse possession for the statutory period, the judgment is wrong.

The plaintiff owned the west half of lot 10 and built a small barn on the northeast corner of it in 1888. This barn was extended to the west and considerably enlarged in 1898. After that time the plaintiff used the parcel now in dispute. We do not find any satisfactory evidence that plaintiff actually used it before that time, although she did use most of the ten-foot strip lying to the north of her lot. We do not find it necessary to decide whether such use and occupation was sufficient to give title by adverse user to all of the strip lying adjacent to her lot.

It is settled that plaintiff was and had been in peaceable possession under a claim of ownership at least when defendant intruded and placed his barn where it is. He was a trespasser, and conceding that she was also when she made her entry, she was entitled to continue her possession as against the defendant and might bring an action of ejectment against him to recover such possession. *Bates v. Campbell,* 25 Wis. 613; *Ill. S. Co. v. Budzisz,* 106 Wis. 499, 521, 82 N. W. 534; *Elofrson v. Lindsay,* 90 Wis. 203, 206, 63 N. W. 89; *Swift v. Agnes,* 33 Wis. 228, 240; *Hammer v. Hammer,* 39 Wis. 182, 187.

This rule of law in no way conflicts with the other well recognized rule, that, where a plaintiff in an ejectment action relies on title to establish his right of recovery, he must depend on the strength of his own title and not on the weakness of the title of his adversary.

*By the Court.*—Judgment affirmed.