BEDUHN and wife, Appellants, v. KOLAR and wife, Respondents.

*No. 300.  Argued April 11, 1968.—Decided May 7, 1968.*
(Also reported in 158 N. W. 2d 346.)

152

For the appellants there was a brief by *Kaftan, Kaftan & Kaftan* of Green Bay, and oral argument by *Arthur Kaftan*.

For the respondents there was a brief by *Welsh, Trowbridge, Bills, Planert & Gould* of Green Bay, and oral argument by *Richard J. Gould*.

WILKIE, J. This controversy should be tried. There are issues of fact to be resolved and we must therefore conclude that summary judgment was improperly granted.

Ejectment is a legal action. Drafted in compliance with sec. 275.05, Stats., plaintiffs' complaint describes a parcel of property located on Clark's Lake to which they allege

they are entitled to possession to the exclusion of defendants. Defendants come forward with an affidavit describing their property and the trial court concluded that this description alone, taken from public records, presented a prima facie defense to any claim of record title by plaintiffs.

This conclusion required the court to find not only good title in the defendants but an absence of title in the plaintiffs.[1] At this stage of the proceedings we conclude that the trial court erred on both counts.

The trial court erred in finding that the description of plaintiffs' property in the complaint and in the Leiser deed are not the same. This is not necessarily true. The description in the Leiser deed shows that the dimensions of plaintiffs' property are dependent on the placement of the following eight unknowns, none of which is part of the record:

(1) The southeast corner of the tract of land described in 46 Deeds 500.

(2) The northeast corner of the tract of land described in 59 Deeds 88 (also the basic deed underlying defendants' claim of title).

(3) The distance along the shore of Clark's Lake between the points mentioned in (1) and (2).

(4) The northerly boundary of the tract described in 59 Deeds 88.

(5) The placement of the private road which runs through government lot three.

(6) Placement of the easterly boundary of the road.

(7) The point where the southerly boundary of the tract described in 46 Deeds 500 would, if extended, intersect with the road.

(8) Southerly boundary of the property described in 46 Deeds 500.

---

[1] In ejectment the plaintiff must rely on the strength of his own title, not on the weakness of the defendant's. *Slauson v. Goodrich Transportation Co.* (1898), 99 Wis. 20, 23, 74 N. W. 574.

Presumably the four corners of the plaintiffs' parcel are (1), (2), (5), and (7), and are one and the same as the four corners of the property described in the complaint. At this point we are not able to agree that they are different. The establishment of the proper boundaries on plaintiffs' property is a question of fact that should be resolved by a trial.

The trial court also erred in determining that there was no issue of fact as to the description of defendants' property. The defendants' deed (1946) supporting the Kolar affidavit identifies a piece of property running east and west and commencing on the shore of Clark's Lake. Plaintiffs contend that such parcel runs northeasterly and southwesterly along their property and not due east and west. Plaintiffs assert that the parties and their predecessors in title have always given a practical construction to the defendants' deed or deeds to the effect that the lines are not due east and west but northeasterly and southwesterly and that the northeasterly corner of the Kolar land commences at the lakeshore.[2]

A question of fact is presented about the location of defendants' property lines which should be resolved by trial and not on summary judgment.

A further question is presented on plaintiffs' claim that if they are not entitled to ejectment because they have no record title they nevertheless are entitled to such relief because they had achieved good title by adverse possession.

In ejectment one can claim legal title on this theory.[3] Plaintiffs need not plead adverse possession, only that they are "entitled to possession and that the defendant unlawfully withholds possession"[4] from them. This

---

[2] See Schmitz v. Schmitz (1865), 19 Wis. 222 (*207); Walker v. Green Lake County (1955), 269 Wis. 103, 69 N. W. 2d 252.

[3] Stephenson v. Wilson (1880), 50 Wis. 95, 6 N. W. 240; Hacker v. Horlemus (1889), 74 Wis. 21, 41 N. W. 965; Larzelere v. Wood (1908), 136 Wis. 541, 117 N. W. 1013.

[4] Sec. 275.05, Stats.

plaintiffs have done. On remand, plaintiffs and defendants should be permitted to put in their respective proofs on this alternative theory by which plaintiffs claim ownership.

*By the Court.*—Judgment reversed and cause remanded for further proceedings consistent with this opinion.