Chief Justice Marshall
delivered the opinion of the Court.
This action of ejectment upon the demise of Robert McLawrin, was brought to recover land in the possession of Salmons and others, within the boundaries-of a patent for 640 acres, issued to Elizabeth McLawrin in 1798. On the trial, the plaintiff read the patent and a deed from the patentee to Joseph McLawrin, and to show a conveyance of this title to the lessor, offered to read the record and proceedings of a suit in -chancery in a Court in the State of Virginia, by or between the heirs of Joseph McLawrin for a sale of this land, and for other purposes, including a decree for the sale of this tract of land, a decree confirming the sale thereof and directing its conveyance to Robert McLawrin, the purchaser, by two commissioners named in the decree, and a deed from the commissioners dated in April 1837, purporting to convey the land to him in fee simple, and according to the boundaries described in the original survey and patent. The propriety of rejecting this record, and the deed which was separately offered presents the first question for our consideration.
We concur with the Circuit Court in the opinion that the Court in Virginia had no jurisdiction over in Kentucky, and could not by its order of sale, or by its decree or by the deed of its commissioners pass ... . . , . T . . . t , the title to the lands m controversy. It might maeed have required and used means to compel the title holder °f property before it, to convey the land, and his deed properly proved or authenticated would have been as .. ", , t> ¿ effectual here, as li made at his own mere will, but it had no power over the land except through the person *97 of the owner, and could not act for him in making the conveyance, because it had no authority under the laws of this State, and the laws of Virginia could not control the disposition of lands in Kentucky. The record therefore was wholly inadmissable as evidence of the transfer of title to Robert McLawrin. But as it may be inferred from the evidence, that he claimed and acted under the deed, and to have obtained possession of the land under claim of ownership as evidenced by it, we think the deed was admissable and should have been admitted, not as evidence of title under the patent above mentioned, but as showing the nature and extent of his claim and defining the character and effect of his acts done under it. In this view, it was immaterial whether the persons styling themselves commissioners in the deed had authority to convey the title or not. And it was not necessary to prove that the deed was in fact executed by them, “as it is entitled to no other effect than that of showing that R. McLawrin claimed under it as a deed” to land therein described, and professed to be conveyed.
Though a deed made by a commissioner under a decree of a sister Slate may not be evidence to show title in the grantee named in such deed, it may be proper evidence to show the nature & extent of a possession.
Upon the rejection of the record from Virginia, the defendant for the purpose of making out title by possession introduced evidence conducing to show that possession had been taken under the patent and to the extent of its boundaries some thirty nine or forty years before the trial, by means of placing tenants on the land under E. McLawrin the patentee or J. McLawrin her alienee, and that the possession had been so held under them and those deriving title from them, and under claim to be possessed to the extent of the patent boundary, until 1837, when the lessor Robert McLawrin claiming to be the owner of the land under said patent, and as may be assumed by virtue of the proceedings and commissioners deed before referred to, took the control and the possession by renting out the land or placing tenants on it, claiming to the extent of the patent boundary, and had such control and possession by his tenants up to the commencement of this action. *98 But it was proved that two of the defendants were iia possession claiming adversely when he thus took possession and have so continued to hold, and that the other defendants took possession after the lessor had taken the control and possession as above stated.
One who enters upon a survey & patent, claiming to the extent of the survey, becomes possessed of the whole survey so far as it Í6 not adversely held by others, and by placing tenants thereon to hold and keep the possession, who are not restricted to any particular boundary, the possession will be kept up. One so in possession, tho’ he may have acquired itfrom the tenants of the title holder, cannotrecover upon his own demise by any title derived through a possession so obtained, without title vsthose who were in adverse possession when 'he entered.
Upon this evidence, we think the following principles, apply to the case : 1st, although R. McLawrin was not invested with any title to the land, yet if under claim of title and ownership he leased the land or put tenants upon it intending thereby to take possession to the extent of the patent boundary, and if his lessees or tenants obtained ox held the actual possession under his claim and without restriction of boundary, he became théreby possessed of all the land within the patent boundary which was not in possession of others who did not hold under him or recognize him as their lessor or landlord, unless, which does not appear, there was some conflicting elder patent within the boundaries of which, neither he nor his tenants made actual entry. 2d. Being thus possessed he may maintain an action of ejectment on his own demise against such of the defendants if there be any such, as afterwards entered upon his possession without title or authority, but as mere intruders; 3d. But as he is not invested with the title or legal rights of those under whom as holders of the title under the McLawrin patent the previous possession, was taken and held, he cannot, though he may have acquired the possession with the consent of those persons, and from their tenants, avail himself of such previous possession, as the ground of recovering on his own demise against those defendants who entered upon that possession. He did not acquire the right of possession to the extent of the patent because there was no valid conveyance of the title to him. At most he only acquired the possession as actually held under the patent when h.e took the control and possession, or to the extent that the possession w as then vacant and was afterwards taken by his tenants, or by him through them. And having no other title but this possession, *99 he can only recover against such defendants as have entered upon it since he acquired it. And cannot re" cover against the others because their possession is older than his, and because in fact he never was possessed of the land which was in their possession when he entered. The mere transfer of the possession to him, without a conveyance of the title gave him no legal rights beyond the possession then transferred, and did not authorize him to sue in his own name for lands outside of that possession, and of which neither the possession nor the title was transferred to him.
A report of processioners duly made and returned is compelen t evidence to shot? boundary.
The instructions asked for by the plaintiff (except the last, which was given,} were properly refused, because they either assume that the plaintiff was entitled to the benefit of the possession as first taken under the Mc-Lawrin patent, or that his own entry by his tenants gave him possession to the extent of his claim though he had no title, and notwithstanding any adverse possession.
The first instruction for the defendant which asserts in effect, that the plaintiff could not recover upon a possession taken and held by his tenants, but must have been in the actual possession himself, and at the commencement of the suit, is inconsistent with this opinion and is therefore deemed erroneous. The last condition requiring the plaintiff to have been in possession at the commeucement of the suit was probably inserted through inadvertence, as the action could only be maintained against those who were then in possession.
The third instruction authorizing an apportionment of the plaintiffs interest, has no basis in the evidence, as there is no proof that he holds title jointly or in common with others.
The report of Processioners dated in January 1837, with the accompanying survey and depositions offered as evidence of boundary, were erroneously rejected. They were filed with the Clerk of the County Court in due time. And the statute though it requires that they should have been recorded, does not make the rccord *100 íng a pre-requisite to their admissability. as evidence. (Stat. Lam 1099, sect. 2d.) And we do not perceive any ground on which the jurisdiction of the County Court can be denied.
Ballinger 4* Woodson for plaintiff.
Wherefore the judgment is reversed, and the cause remanded for a new trial.