MENKENS, Appellant, v. BLUMENTHAL, Respondent.

1. Where a plaintiff in an action of ejectment bases his right to recover upon a title acquired by an adverse possession for twenty years, it is not necessary that his possession, or that of those under whom he claims, should be

connected with the possession of previous occupants by instruments in writing; the continuity of the possession may be shown by any testimony that is legitimate and pertinent.

2. A division line mistakenly located and agreed upon by adjoining proprie-tors will not be held binding and conclusive upon them if no injustice be done by disregarding it.

3. A deed conveyed all the interest of the grantor in his father's estate or lands "near St. Louis;" *held*, that it might be shown that the father pos-sessed land nearer St. Louis, and more appropriately within the description of the deed of the son, than that sought to be comprised within it.

## Appeal from St. Louis Land Court.

This case has heretofore been before the supreme court. (See 19 Mo. 496.) Plaintiff seeks to recover in this action a lot in the city of Carondelet, in block No. 53. The lot sought to be recovered is seventy-five feet front on Second street by one hundred and sixty feet in depth, and is a part of the south-east quarter of said block as surveyed, its north-ern line being the line of division between the north-east and the south-east quarters of said block. In support of his title the plaintiff introduced in evidence a confirmation cer-tificate issued by recorder Hunt to Amable Guion or his legal representatives for lot in block 31 (now 53), 150 feet by 300, bounded north by Second street, east by Church street, south by balance of square, and west by Third street— a deed from eight heirs of A. Guion to V. Guion for the north-east and north-west quarters of block 53, as laid down on the plat of survey of the town of Carondelet—a deed from V. Guion to C. D. Drake for the same lot, with the same description—a deed from Drake to Wilson Primm for an undivided one-half of said lot—a deed from Drake to McDonald for one-half of said lot—a partition between Primm and McDonald's heirs; in this partition the eastern half (north-east quarter of the block) of the lot was assigned to Primm—a deed from Primm to plaintiff Menkens convey-ing a lot 150 feet square, French measure, bounded north by E street, east by Second streeet, south by the balance of the square, and west by McDonald's heirs—a deed from Antoine Guion (one of the eight heirs of Amable Guion) to Wilson

Primm, conveying all his interest in his father's estate and lands near St. Louis — a deed from Joseph Guion to W. Primm for all his interest in his father, Amable Guion's estate—a deed from Primm, dated October 21, 1854, to plaintiff, conveying the lot in dispute. The plaintiff then introduced evidence with a view to show that Amable Guion had cultivated and possessed this lot prior to December 20, 1803; that it was in possession of said Guion and his heirs up to 1839, when it was sold to Primm and Drake; that Primm took possession of the lot and held it until he sold it to plaintiff in 1851; that plaintiff took possession in 1851. Plaintiff also introduced evidence with reference to the running of a partition line by Primm and Josette Wilson, who claimed title under the Hunot confirmation. (See below opinion of the court.)

The defendant then showed a confirmation to Gabriel Hunot's legal representatives of a lot in block 53, 150 feet by 300 feet, bounded south by F street, and north by the balance of the square. The defendant claimed title under this confirmation. The United States survey of the confirmation to Hunot's legal representatives embraced the lot in controversy; it corresponded with the survey of block No. 53 by Eiler. Evidence was also adduced by defendant bearing upon the possession of the lot by Guion and his representatives; also a deed from Bartholomew Guion to Wilson Primm for a tract of land of fifty arpens situate near the water-works of the city of St. Louis.

The defendant offered in evidence a deed from defendant Blumenthal to W. Bernard conveying the northern part of the north-east quarter of block No. 54, which lies next south of block No. 53. The court rejected said deed as incompetent.

The following is the eighth instruction (given at the request of defendant) referred to in the opinion of the court: " 8. To enable the plaintiff to recover on the ground of adverse possession for twenty years by himself and those through whom he claims against the defendant is possession under a

confirmation from the United States under act of Congress of June 13, 1812, it is necessary to make out proof of actual possession of the premises in dispute for twenty connected years of time unbroken. If the plaintiff, in order to make up such twenty years' unbroken time, has to connect his possession with that of another person, he can obtain the benefit of the possession of such other person only by having a written contract or conveyance of such person for the land in question; and even though the plaintiff may show such twenty years' possession of the premises in dispute by the heirs of Amable Guion when they conveyed to Vincent Guion, yet that will not avail him without such written transfer vesting in him, or entitling him to their interest in the land so possessed by them."

Numerous instructions were given to the jury; it is deemed unnecessary to set them forth.

The jury found for the defendant.

*Whittelsey*, for appellant.

I. The court erred in refusing to admit the deed from defendant to William Bernard. It tended to show that defendant recognized lines of the old possession and claim of Guion. The court also erred in admitting the deed of Bartholomew Guion to Primm. The court erred in refusing the first instruction asked by plaintiff. The land was confirmed to the legal representatives of Guion. Two of those heirs conveyed all their interest in their father's estate to Primm. Primm had then title under them to one-fourth; that he conveyed to plaintiff.

II. The defendant and those claiming under Josette Wilson are estopped to deny that the line surveyed and adopted by the parties was the dividing lines of the quarters of said block; the second instruction should have been given. (Joyal v. Rippey, 19 Mo. 660; Taylor v. Zepp, 14 Mo. 482; Blair v. Smith, 16 Mo. 273; Rockwell v. Adams, 7 Cow. 761; 7 Johns. 245; 17 Johns. 29; 12 Wend. 421.)

III. Successive possessions under the statute of limitations,

if passed by consent from one party to another, will make a continuous possession good under the statute, and the possessions need not be passed by writing to enable the possessor to avail himself of the statute. The eighth instruction is erroneous. Possessions may be tacked without deed. (13 Johns. 118; 1 Johns. Cas. 36; Cunningham v. Patton, 6 Barr, 126; Valentine v. Cooley, 1 Meigs, 613; 5 Barr, 126; Fanning v. Wilcox, 3 Day, 269; 7 S. & R. 173; Shannon v. Kinney, 1 A. K. Marsh. 3; 2 id. 620; Cook, 366; Napier v. Simpson, 1 Tenn. 448; Ludlow's heirs v. McBride, 3 Ham. 240; Jackson on Real Actions, 45; Porter v. Perkins, 5 Mass. 236; Allen v. Rivington, 2 Saund. 111; Crockett v. Morrison, 11 Mo. 3; Denn v. Barnard, Cowp. 597; Jackson v. Harder, 4 Johns. 202; 1 Tenn. 515.)

IV. The ninth instruction was erroneous. The admissions of a party in possession are evidence against himself and those claiming under him. Declarations as to a dividing line, as well as the acts of the parties, are evidence. (Adams v. Rockwell, 16 Wend. 285; Bradstreet v. Pratt, 17 Wend. 44; Blair v. Smith, 16 Mo. 272; Taylor v. Zepp, 14 Mo. 482; 19 Mo. 660.) The first, second, fourth, sixth and tenth instructions are also erroneous. (See Janis v. Gurno, 4 Mo. 458); also generally 2 Bl. Comm. 297, 312; 4 Kent Comm. 450; 10 Mo. 260; 7 Mo. 569; 19 Mo. 132; 20 Mo. 81.)

*Dick*, for respondent.

I. The court committed no error in refusing instructions. The only question of law in the case arises on the eighth instruction. Vincent Guion did not convey the land in dispute. There was no evidence that he ever was on the land in dispute. A deed or writing was necessary to constitute privity of estate. The instruction was proper. (21 Mo. 836; 7 S. & R. 173.) Joseph Guion having conveyed by deed, the eighth instruction could not apply to him. As a necessary consequence the verdict found that there had not been twenty years' possession in Amable Guion or his legal representatives.

NAPTON, Judge, delivered the opinion of the court.

In this case the plaintiff seeks to recover on a prior possession of twenty years against the defendant, who has an elder and perfect paper title. The decision made by this court, when the case was here before, (see 19 Mo. 496,) restricted the confirmation to Amable Guion, and the derivative title under that confirmation to the lot as embraced in the survey of Eiler; and no portion of the ground now in dispute lies within that survey of the Guion confirmation.

A possession, to be available under such circumstances, must be continuous and adverse, and so the instructions of the court upon the trial declared. The court further declared in the eighth instruction that the connexion between the possession of the plaintiff, or those under whom he claimed, and previous occupants, could only be shown by writing; and this instruction is in our opinion erroneous. The only question in cases of this nature is, whether there has been twenty years' continuous possession, and whether that possession has been adverse to the title. Deeds or instruments of writing are frequently resorted to as the most convincing proofs of the adverse character of the possession, and to show its continuity from one occupant to another where there has been more than one person in possession. But we do not understand that this is the only testimony which can be used for this purpose. Where a possession is broken up by abandonment and there is a succession of independent occupants, no title can be made out which will bar the real owner. But whether one occupant receives his possession from a prior one, or is a mere intruder upon an abandoned lot, is a question of fact which may be determined by any testimony which is legitimate and pertinent. We know of no rule of evidence which confines the proof to deeds or written instruments.

It is claimed that a division line agreed on between Josette Wilson, at the time she was proprietor of the Hunot lot, and Primm, who was the owner of the Guion lot, was conclusive

upon the defendant Blumenthal, who holds under Mrs. Wilson; and instructions were asked by the plaintiff to this effect. These instructions, we think, were properly refused. This line was, as subsequent events have shown, a mistake. The survey of the lots has changed this division line; but it has given to each party a full lot. What has been lost on one side has been gained on the other; and both parties have availed themselves of the gains, though neither seems disposed to submit to the losses. The main ground upon which such practical adoptions of boundaries have been held to estop, are wanting in this case. No injustice seems to be done to either party by holding each to the correct surveyed line. The mistake was common to both, and its correction, as far as can be seen, equally advantageous to both. Besides, the line adopted by Primm and Mrs. Wilson was intended as the boundary between the Guion and Hunot lot as they are understood to be held under their respective confirmations. It has thrown no light upon the present controversy except so far as it may show the extent of Primm's possession. The plaintiff's claim is not now upon the Guion confirmation, but upon possession merely.

The deed from Bartholomew Guion to Primm was properly admitted. The plaintiff had given in evidence a deed from Antoine Guion to Primm for his interest in his father's land "near St. Louis." This latter deed would not pass the land now in dispute, if it appeared that the father owned land in the vicinity of St. Louis, and the deed from Bartholomew shows that such lands were owned by Amable Guion "near the water-works of the city of St. Louis," which would fully answer the descriptive words of the deed from Antoine, without embracing the land now in dispute. To construe a deed for land "near St. Louis," as conveying a lot in the town of Carondelet, merely because the latter is distant not more than five or six miles from the former, would be a very liberal interpretation of a deed, and could only be authorized upon proof that the grantor had no land coming more nearly within the language of the deed.

The deed from Bartholomew to Bernard was properly excluded, as it did not appear that Blumenthal had any title to the land thereby conveyed.

Upon the whole case, we think the judgment of the circuit court was right, notwithstanding the error of the eighth instruction. The last instruction, given at the plaintiff's instance, told the jury that Primm was fully invested with the interest of Joseph Guion to the land in controversy by the deed from him which was in evidence, and consequently the plaintiff was entitled to recover under the eighth instruction to the extent of that interest, if the jury believed there had been a continuous adverse possession of twenty years. Their verdict must be understood as negativing the fact of adverse possession—the basis upon which the suit is founded. The plaintiff was not prejudiced by the eighth instruction so far as one-eighth of the land is concerned; but the jury have found against him as to the whole. We do not perceive any benefit which the plaintiff could derive from another trial; and as we think the judgment is for the right party, although an error was committed, we shall affirm the judgment. The other judges concur.