ABLARD, Appellant, vs. FITZGERALD, Respondent.

*March 23 — April 10, 1894.*

*Ejectment: Evidence of title: Adverse possession: Tacking.*

1. The plaintiff in ejectment cannot recover upon the mere production of a deed from one who is not the common grantor of the parties and is not shown to have had either title or possession.
2. *It seems* that as to land not covered by the deed a grantee can claim no right founded upon the adverse possession of his grantor.

APPEAL from the Circuit Court for *Fond du Lac* County. This is an action of ejectment to recover a narrow strip of land lying on the further side of a partition fence between plaintiff's and defendant's lands, which has been maintained in the same place for more than thirty years. The answer was a general denial, and sets up the defense of adverse possession for over twenty years.

Plaintiff produced a deed from John Norton to him, purporting to convey to him "the north half of the southeast quarter of the northeast quarter of section number six (6) in township number thirteen (13) north, of range number eighteen (18) east, beginning on the section line of sections five (5) and six (6), forty (40) rods north of the east quarter stake; running thence north forty (40) rods; thence west eighty (80) rods; thence south forty (40) rods; thence east eighty (80) rods; containing twenty (20) acres;" showed that there was a strip of land between the partition fence (which had stood between him and the defendant's land for more than thirty years) and the north line of his forty, comprising about one acre, of which the defendant was in possession; and rested.    The defendant's attorney moved a nonsuit on the ground that the plaintiff had failed to prove title to the strip in controversy.    The motion was denied.

On the whole case the court found in favor of the defendant, on the ground that he had established an adverse possession of the land for more than twenty years.    The defendant proved no paper title.    From a judgment in favor of the defendant, the plaintiff appeals.

For the appellant there was a brief by *Phelps & Watson*, and oral argument by *J. W. Watson*.    They argued, among other things, that to enable the defendant to avail himself of his alleged adverse possession of the strip of land in dispute, his deed, by its terms, must include the premises.    *Jackson v. Woodruff*, 1 Cow. 286; *Crary v. Goodman*, 22 N. Y. 170; *Stevens v. Brooks*, 24 Wis. 326; *Bowie v. Brahe*, 3 Duer, 35; *Jackson v. Cary*, 16 Johns. 301; *Nieto v. Carpenter*, 21 Cal. 455; *McRea v. Williams*, 7 Jones, Law (N. C.), 430.

For the respondent there was a brief by *Duffy & McCrory*, and oral argument by *J. H. McCrory*.    They contended, *inter alia*, that all that the law requires is a

Ablard vs. Fitzgerald.

continuity of possession where it is actual; and this continuity and connection may be effected by any conveyance or understanding which has for its objects a transfer of the rights of the possessor or of his possession, when accompanied by an actual delivery of the possession. *Ramsey v. Glenny*, 45 Minn. 401; *Vance v. Wood*, 22 Oreg. 77; *St. Paul v. C., M. & St. P. R. Co.* 45 Minn. 387; 6 Wait's Act. & Def. 455; *Atwood v. Canrike*, 86 Mich. 99; *Greene v. Anglemire*, 77 id. 168; *Riggs v. Riley*, 113 Ind. 208. The doctrine of estoppel *in pais* may apply in the location of a division fence, not only to the parties themselves but to those claiming under them. *Brown v. Caldwell*, 10 Serg. & R. 114; *Clark v. Tabor*, 28 Vt. 222; *Beecher v. Parmele*, 31 Am. Dec. 633; *Blair v. Smith*, 16 Mo. 273; *Turner v. Baker*, 64 id. 218.

NEWMAN, J. The plaintiff in ejectment recovers, if at all, on the strength of his own title. The plaintiff in this action failed utterly to show that he had title to the strip of land in dispute. The defendant's motion for a nonsuit should have been granted. The plaintiff produced no chain of paper title from Welton, the common grantor, nor either title or possession in Norton, his immediate grantor; so his claim is entirely unsupported by evidence of paper title or the presumptions which possession in his grantor might give. Besides, it appears that the disputed strip is almost, if not quite, wholly outside of the description in the deed from Norton. The more specific and controlling description contained in that deed is by courses and distances. It fixes the north line of the plaintiff's land at eighty rods north of the south line of the forty-acre tract. A line which shall be eighty rods north of the south line of the forty is still south of the fence on its east end, and but little, if any, north of it at its west end; so that there is south of the fence a few square rods more of land than the

plaintiff's deed calls for. So the testimony of the surveyor shows it.

But it seems that the evidence fails to support the defense of adverse possession. The defendant, too, is without a chain of paper title. It does not appear that he has a deed conveying the disputed strip to him. The disputed strip is outside his forty acres. Without such a conveyance, it is difficult to see how he can connect his own possession to the possession of his predecessor, so as to make the adverse possession continuous; for any interval, however short, between the termination of the possession of his predecessor and the beginning of his own, would be sufficient for the seisin of the true owner to attach, and so the continuity of the adverse possession would be broken. The entry afterwards by the defendant would be a new disseisin. So, without a deed of the strip, it seems that the defendant can claim no right to the land founded upon the adverse possession of his grantor. This seems to be the effect of *Graeven v. Dieves*, 68 Wis. 317. But, however this may be, there should have been judgment for the defendant.

*By the Court.*— The judgment of the circuit court is affirmed.