ILLINOIS STEEL COMPANY, Appellant, vs. BUDZISZ and wife, Respondents.

*February 5 — April 27, 1900.*

*Amendment of pleading: Terms: Limitation of actions: Adverse posses-sion: Privity: Tacking: Statute of frauds: Oral transfer.*

1. The allowance of an amendment to a pleading under sec. 2830, Stats. 1898, will not be held an abuse of discretion on appeal if it has some reasonable ground to support it in view of the facts; and the legal presumption is that it has such ground until the contrary is made to appear.

2. Sec. 2830, Stats. 1898, does not, under all circumstances, require the imposition of terms as a condition of granting leave to amend a pleading. Where there is neither reason for the infliction of a pen-alty, nor prejudice to the adverse party of any kind to be compen-sated for, it cannot be said on appeal that the failure of the trial court to impose terms was either an abuse of discretion or a viola-tion of any rule of law.

3. In an action of ejectment the defendants were poor people, unac-quainted with legal matters, and their attorney by mistake failed to plead the statutes of limitations. After the lapse of some twenty-one months they employed other attorneys, who on the day of the trial, which took place shortly after the substitution, offered an amended answer curing the omission. The only objection by plaintiff was want of power in the court to permit it. *Held,* that the allowance of such amendment without the imposition of terms was not an abuse of discretion.

4. Actual, hostile, exclusive occupancy of land, completely dispossessing the true owner, without any presumption or claim of right, will ripen into title, under sec. 4207, Stats. 1898, if continued for the requisite period.

5. Such an occupancy of land does not, before the expiration of the period within which the owner may reclaim possession, constitute any estate or interest in the land, nor is the substitution of another occupant, to continue the dispossession of the true owner, the trans-fer of any such estate or interest, within the meaning of sec. 2302, Stats. 1898. The privity, therefore, between successive occupants, ·which is necessary to continue the dispossessed condition of the true owner and unite the connecting possessions of such occupants into one continuous adverse possession ·referable to.the first entry,

does not require a written conveyance but may be based upon a mere oral authorization of the succeeding occupant to take the place of his predecessor.

APPEAL from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Affirmed.*

Action of ejectment. The subject of the controversy was an irregular piece of land about 40 feet wide by 170 feet long, defined, as to boundaries, by actual possession by the defendant. The complaint was in the usual form. The only material issues presented by the answer, originally, were raised by a general denial. The case was brought to trial on the part of defendants by attorneys substituted for the one who interposed the answer, some twenty-one months having elapsed since the action was commenced. On the day of the trial, before the jury was impaneled, an amendment to the answer was permitted, setting up the ten and twenty years' statutes of limitations. Exception was taken by plaintiff's counsel to the allowance of such amendment. The evidence conclusively or strongly tended to prove, and plaintiff's counsel, in substance, admitted, that more than twenty years prior to the commencement of the action one John Skoczek inclosed the premises with a fence, built a house thereon, and thereafter occupied the same continuously till about 1886, when he sold out and transferred the property and possession thereof to defendant *Joseph Budzisz* for a valuable consideration, who occupied the same continuously thereafter down to the time of the trial. The court decided that adverse possession of the property commenced when Skoczek inclosed and commenced to occupy the same; that he and his successor in possession occupied the property continuously for more than twenty years before the action was commenced; that the parol transfer of the property from Skoczek to *Budzisz,* and the entry by the latter under the former pursuant thereto, made the adverse possession thereof exclusive and uninterrupted from the

time possession was taken by Skoczek. In accordance therewith a verdict was directed in favor of defendants, upon which the judgment appealed from was rendered.

For the appellant there was a brief by *Van Dyke & Van Dyke & Carter*, and oral argument by *W. E. Carter*. They contended, *inter alia*, that possession is an "interest" in lands, and a sufficient interest therein to entitle the possessor to maintain ejectment against an intruder into his possession. *Bates v. Campbell*, 25 Wis. 613; *Howard v. Easton*, 7 Johns. 205; *Moore v. Moore*, 21 Me. 350. A judgment against a person in possession becomes a lien, and his possession may be sold on execution. *Jackson v. Parker*, 9 Cow. 80, 85. A sale and transfer of such possession is most certainly, therefore, a sale and transfer of an "interest" in lands, and is included within the statutory prohibition. Privity of estate or possession, sufficient to establish the defense of the statute of limitations, cannot be transferred by parol. *Bailey v. Wells*, 8 Wis. 141; *Sydnor v. Palmer*, 29 Wis. 251–253; *Furlong v. Garrett*, 44 Wis. 111; *Graeven v. Dieves*, 68 Wis. 317; *Elofrson v. Lindsay*, 90 Wis. 203; *Ablard v. Fitzgerald*, 87 Wis. 516; *Dhein v. Beuscher*, 83 Wis. 316; *Sheppard v. Wilmott*, 79 Wis. 15; *Pepper v. O'Dowd*, 39 Wis. 548; *Stevens v. Brooks*, 24 Wis. 326; *McEvoy v. Loyd*, 31 Wis. 142; *Fuller v. Worth*, 91 Wis. 406.

For the respondents there was a brief by *Fiebing & Killilea* and *M. C. Krause*, and oral argument by *O. J. Fiebing*. They argued, among other things, that although the adverse possession must be continuous and uninterrupted, it is immaterial whether it be held for the entire period by one person or by several persons in succession, provided there is a "unity of possession " or, in other words, a privity of estate or title. 1 Elliott, Gen. Prac. § 297; *Wollman v. Ruehle*, 100 Wis. 31, 34, 35; *S. C.* 104 Wis. 603. The several possessions of successive disseisors may be "tacked" together so as to make a continuous possession, where there is privity

of estate or title. The privity required to constitute continuous adverse possession may be effected by any conveyance, agreement, or understanding which has for its object a transfer of the rights of the original entry. No paper evidence of a transfer of possession is necessary when the property is held under the claim of the first entryman, but the continuity may be shown by parol. *Allis v. Field,* 89 Wis. 334; *Ryan v. Schwartz,* 94 Wis. 411; 2 Ballard, Law of Real Prop. § 25; Sedgwick & Wait, Trial of Title to Land, § 748; 6 Wait, Act. & Def. 455; 2 Wood, Limitations, § 271; Newell, Ejectment, § 53, p. 740; *Ramsey v. Glenny,* 45 Minn. 401, 22 Am. St. Rep. 736; *Vandall v. St. Martin,* 42 Minn. 166; *McNeely v. Langan,* 22 Ohio St. 32, and cases cited; *Menkens v. Blumenthal,* 27 Mo. 198; *Crispen v. Hannavan,* 50 Mo. 544; *Cunningham v. Patten,* 6 Pa. St. 358; *Scheetz v. Fitzwater,* 5 Pa. St. 126; 1 Am. & Eng. Ency. of Law (2d ed.), 844; *Weber v. Anderson,* 73 Ill. 439; *Schuffleton v. Nelson,* 2 Sawyer, 545; *Alexander v. Pendleton,* 8 Cranch, 462.

The following opinion was filed February 27, 1900:

MARSHALL, J.    Two questions are presented for consideration: (1) Did the trial court err in allowing the amendment pleading title by adverse possession? (2) Did the possession of the second occupant, under the circumstances, continue the possession of his predecessor so as to satisfy the statutory call for an uninterrupted twenty years' continuous adverse possession?

1. Sec. 2830, Stats. 1898, says: "The court may, upon the trial . .. . in furtherance of justice and upon such terms as may be just, amend any pleading . . . by correcting . . . a mistake in any respect, or by inserting other allegations material to the case." The power to grant amendments under the statute is very broad, and its exercise rests solely in the sound discretion of the trial court, whose de-

cision cannot be disturbed except for a clear abuse of judicial power. *Phœnix M. L. Ins. Co. v. Walrath*, 53 Wis. 669; *Smith v. Dragert*, 61 Wis. 222; *Morgan v. Bishop*, 61 Wis. 407. The only limitation upon the power of the court, in cases where it may be exercised under any circumstances, and it is conceded this case is within the statute, is that it must be in furtherance of justice. *Smith v. Smith*, 19 Wis. 522; *Morgan v. Bishop, supra.* That is, the power must be exercised to that end, and there must be some reasonable ground for saying that such was the motive. The only condition of the exercise of the power is that it must be on such terms as may be just in the judgment of the trial court. Necessarily, there is no rule by which the presence of the statutory motive for the exercise of the power, or the sufficiency of the condition attached to it, can be tested, except that the act and the condition must be within the bounds of reason as applied to the particular case; and there is no rule on appeal by which to test the judgment of the trial court, except that it must have some reasonable ground to support it in view of the facts, and the rule that the legal presumption is that it has such ground till the contrary is made to affirmatively appear.

What has been said, with the brief reference to the facts upon which the amendment was allowed, will furnish a basis for a right conclusion regarding the question presented.

The defendants were evidently poor people, unacquainted with legal matters. The failure to plead the defense ·of the statute of limitations was the mistake of their attorney. After the case had been pending for considerably more than a year, defendants concluded that their interests required the employment of other attorneys, and they acted accordingly, resulting in the substitution, for the attorney who interposed the answer, of those who now represent them. The substitution took place April 15, 1899. Three days

thereafter the amended answer was drawn. The motion for leave to file it was heard without objection for want of notice, and was granted without objection, except that "the defense of the statute of limitations cannot be set up by amendment," and that the amendment, "under the circumstances, is not permissible." We take it that the language of the objection, "the amendment under the circumstances is not permissible," was merely explanatory of the language, "the statute of limitations cannot be set up by amendment." So it will be seen that the only objection raised to the amendment was want of power in the court to permit it. All other objections were in effect waived. Counsel for appellant now concedes that the court had ample power in the premises. They could not seriously contend otherwise, since it has been so held even in tax-title cases, where a much more stringent rule prevails than in cases like this, even after a reversal on appeal. *Morgan v. Bishop*, 61 Wis. 407; *Smith v. Dragert*, 61 Wis. 222.

But it is said the court exceeded its discretionary power by granting the amendment without terms, attention being called to *Morgan v. Bishop*, where there was a reversal on that ground, and *Smith v. Dragert*, 65 Wis. 507, where affirmance was grounded on the fact that terms of the amendment were imposed. Both cases differ materially from this, in that, after a failure on one trial by a reversal in this court, a new defense was interposed by amendment. It was in regard to that situation that Mr. Justice LYON, in the *Dragert Case*, (65 Wis. 507) said, the general rule, in ordinary cases, is conceded to be that the party amending his pleading will be required to pay all taxable costs up to the time of granting leave to amend, and motion costs. Such is the rule where a new defense is set up for the purposes of a new trial, as in that case.

The statute does not, under all circumstances, require the imposition of terms as a condition of granting leave to amend

a pleading. The whole subject, as to the justice of the amendment, and whether it shall be granted upon condition and if so what condition, is left to the sound discretion of the trial judge. The imposition of terms has a twofold object: the infliction of a penalty for the negligence requiring a remedy by the amendment; and to give to the adverse party an equivalent for the injury to him by delay or increased expense because of the amendment. Where there is neither a reason for the infliction of a penalty, nor prejudice to the adverse party of any kind to be compensated for,— even the calling of adverse counsel into court for the purposes of the amendment, as was the situation in this case,— it cannot be said on appeal that the failure of the trial court to impose terms was either an abuse of discretion or a violation of any rule of law. *Schaller v. C. & N. W. R. Co.* 97 Wis. 31; *Carroll v. Fethers*, 102 Wis. 436.

2. The main contention made by appellant's counsel is that the parol transfer by the first to the second occupant of the property, and his succession in possession under it, was not effectual to unite the two possessions into one continuous uninterrupted possession referable to the first entry, and existing thereafter for twenty years. We are referred to sec. 2302, Stats. 1898, which provides that, "No estate or interest in lands, other than leases for a term not exceeding one year . . . shall be created, granted, assigned, surrendered or declared unless by act or operation of law, or by deed or conveyance in writing, subscribed by the party creating, granting, surrendering or declaring the same or by his lawful agent thereunto authorized by writing." It is said by way of emphasizing or in support of such contention, that the learned circuit judge expressed a personal opinion that, under such section, lands acquired by adverse possession cannot be transferred by parol; but a judicial opinion to the contrary, in harmony, as he supposed, with the decisions of this court. If that be so, we are compelled to say the learned

judge was wrong as to the holdings of this court, and counsel in error in supposing there is any such difficulty as the trial court supposed in the way of his recovering in this case. Such errors spring, from a misapprehension not only of the decisions of this court, but of the effect of an act creating privity between successive adverse possessors of property as regards the statute of limitations.

The transfer of property acquired by adverse possession is one thing, and the preservation of a condition of property as to adverse occupancy, which if permitted to continue long enough will divest the actual owner thereof of title and vest it in the adverse occupant, is quite another thing. The two things should not be confused, otherwise the statute referred to will be erroneously applied.

Title to property, acquired by adverse possession, is of the same nature as any other, and either is plainly governed by the statute as regards the manner of its transfer; but the mere fact that a person is so circumstanced, as regards realty, as to dispossess the owner thereof adversely, does not, till the expiration of the statutory limitation upon the right of such owner to reclaim that possession, vest any estate in lands, within the meaning of sec. 2302, in such possessor, nor is the substitution of another in his place, to continue the dispossession of the true owner, the transfer of any such estate. Sec. 2302, and sec. 4207, Stats. 1898, the limitation statute, are entirely independent of each other; so the essential premise upon which the argument of the learned counsel for appellant is based does not exist.

We come down to the question of whether privity can be created between successive possessors of realty, so that two possessions blended into one, continued for a sufficient length of time, will satisfy sec. 4207, Stats. 1898, which provides that, "No action for the recovery of real property or the possession thereof, shall be maintained unless it appears that the plaintiff, his ancestor, predecessor or grantor was seised

or possessed of the premises in question within twenty years before the commencement of the action." It will be noted that the plain reading of the statute, as this court has heretofore decided, is that actual occupancy of the land to the exclusion of the true owner for the statutory period, is all that is necessary to preclude such owner from thereafter reclaiming the property. *Lampman v. Van Alstyne*, 94 Wis. 417; *Wilkins v. Nicolai*, 99 Wis. 178; *Wollman v. Ruehle*, 100 Wis. 31; *Meyer v. Hope*, 101 Wis. 123. There are many other decisions, in this state and elsewhere, to the same effect, but they need not be cited here inasmuch as this court has so recently, several times, on full consideration of the subject, construed the statute.

Is a paper transfer, evidencing a change of possession by succession, necessary to blend the first possession into the second,— tack them to each other, as it is called? In that, we adhere to what was said by the court, speaking by Mr. Justice PINNEY, in *Allis v. Field*, 89 Wis. 327, and *Ryan v. Schwartz*, 94 Wis. 403, to the effect that, though the possession of several distinct occupants of land, lasting for a continuous period of twenty years, cannot be united to satisfy the limitation statute, successive possessions, each reaching to and uniting with the one that follows it, by privity between the occupants, so as to render the possession of the property continuous from the first entry to the end of the period of twenty years, satisfies the statute, and a parol transfer of possession by one to another, as the former goes out of and the latter goes into possession, satisfies the essential of privity to tack the possessions together.

The authorities all agree that privity between successive possessors is all that is necessary to render them continuous, if the possession be in fact actual and adverse. That privity may be created in any way that will prevent a break in the adverse possession and refer the several possessions to the original entry. It may be created by lease, as between

landlord and tenant, or by descent by operation of law from ancestor to heir, or by conveyance, either by parol or otherwise, from vendor to vendee. 1 Am. & Eng. Ency. of Law (2d ed.), 842, and cases cited in the notes; *McNeely v. Langan*, 22 Ohio St. 32; *Haynes v. Boardman*, 119 Mass. 414; *Witt v. St. P. & N. P. R. Co.* 38 Minn. 122; *Low v. Schaffer*, 24 Oreg. 239; *Vance v. Wood*, 22 Oreg. 77; *Crispen v. Hannavan*, 50 Mo. 536; *Weber v. Anderson*, 73 Ill. 439; *Faloon v. Simshauser*, 130 Ill. 649; *Menkens v. Blumenthal*, 27 Mo. 198. The above cases, many of which are referred to in the briefs of counsel, are but a few of the authorities that might be cited to support the doctrine stated. It seems to be conceded by appellant's counsel that many of such authorities are directly contrary to its position, but claim is made that they do not apply by reason of the statute (sec. 2302), which, as we have indicated, does not apply to the facts of this case.

Only a few authorities that can be found are out of line with those cited. They are in harmony with elementary principles as laid down in the text-books. The doctrine is found as clearly stated, perhaps, as anywhere, in 2 Ballard, Ann. Real Prop. § 25, cited by respondents' counsel, the following language being used: "Successive possessions may be tacked together so as to form a continuous and uninterrupted possession for the essential period of time. There must be a privity existing between the parties transferring the possession. Such possession may begin in parol without deed or writing and may be transferred from one occupant to another by parol bargain and sale accompanied by delivery. All that the law requires is continuity of possession where it is actual; and this continuity and connection may be effected by any conveyance or understanding which has for its object a transfer of the rights of the possessor or of his possession, when accompanied by an actual delivery of the possession." The doctrine is stated in 2 Pingrey,

Real Prop. § 1193, thus: "Continuity is an indispensable element of adverse possession; but several possessions may be tacked together where they can be referred to the original entry. No paper evidence of a transfer of possession is necessary when the holding is under claim of the first entryman."

The discussion of this subject and citation of authorities might be continued to great length. It will be noted that in every treatment of the matter, whether by text writers or in judicial opinions, it is said that all that is necessary, where there is continuity of possession in fact, to connect the several parts of it, where there are such parts, so as to blend them into one term, continuous from first to last, is that there be privity between the persons as one succeeds to the other. Privity in such a case is the same as in any other, and it may be created in the same way. It is merely a succession of relationship in the same right to the same thing. 1 Greenl. Ev. §§ 189, 523; *Hart v. Moulton*, 104 Wis. 349. All that is necessary to privity between successive occupants of property, and in regard thereto, is that one receive his possession from the other by act of such other or by operation of law.

If a person, not the true owner, but hostile to him, be in actual possession of a part of a larger tract of land, under a deed describing the whole, in law he is in actual possession of the whole for the purposes of the statute of limitations, though as to a part the possession be in fact only constructive. In that situation it is said, and it is the law, that the adverse possession cannot extend beyond the calls of the deed, meaning thereby that actual possession by construction cannot be extended beyond the calls of the written instrument by virtue thereof; but if land be actually occupied beyond the calls of the deed, hostile to the true owner, the written instrument does not preclude such occupancy from being adverse. The occupancy does not refer to the deed, but to the fact itself and its hostile character. There was

such an occupancy in *Wollman v. Ruehle*, 104 Wis. 603, and the point was directly decided in *Bishop v. Bleyer*, 105 Wis. 330. The full legitimate effect was given in those cases to the rule that the possession under a deed cannot be extended beyond its calls. Full effect was also given to the presumption that a person so circumstanced only intends to claim what his deed calls for, and the further presumption that the land, as to which the occupant has no title, he holds consistent with the title of the true owner. The first presumption, however, was rebutted by clear proof that the occupant claimed that the disputed tract was in fact within the calls of his deed. The second was rebutted by clear proof that the possession was actual and hostile to the true owner. Such presumptions yield to proof, like any other presumption of fact, or facts otherwise established. It is the facts, when established, that govern.

Circumstances similar to those last above described were presented in *Graeven v. Dieves*, 68 Wis. 317; *Dhein v. Beuscher*, 83 Wis. 316; *Ablard v. Fitzgerald*, 87 Wis. 516; *Sheppard v. Wilmott*, 79 Wis. 15; *Elofrson v. Lindsay*, 90 Wis. 203; *Fuller v. Worth*, 91 Wis. 406; and *Ryan v. Schwartz*, 94 Wis. 403. The first of such cases ruled the others. It was there held that adverse possession of property by a person, beyond the calls of his deed, did not unite with a similar possession held by his vendee. But it will be noted that there is nothing in the opinion indicating that a written transfer of the outside property was a statutory requisite to privity between two successive possessions. The case turned on rules of evidence, applied with a severity, it must be admitted, almost precluding, in such cases, proof of the fact of privity other than by a written transfer. The *Graeven Case*, as will be seen, was misapprehended and extended by the other cases cited. However, the idea now suggested, that a written transfer is a statutory requisite to privity under sec. 2302, was not thought of.

Such stress was laid, in the *Graeven Case*, on the presump-

tion that occupation by one of premises not his own is in subordination to the title of the true owner, and the rule that adverse possession must be strictly construed and that every reasonable presumption (it will be noted that in some of the cases the word "reasonable" was left out in stating the rule) is to be made in favor of the true owner,— that such presumptions resisted the logic of facts that would seem to leave no room for a conflicting reasonable inference. Yet it is plain that the court did not there, or in the more recent cases which followed, deem the fact of privity entirely closed to proof except by a written transfer. The case did not go upon the theory that paper evidence to create privity between adverse possessions is necessary, but upon the theory that adverse possession and all facts tending to establish it must be construed so strictly in favor of the true owner that succession to actual possession of lands, a part of which was transferred by deed, though the part within and that without the calls of the instrument constitute one entire property, will not, for the purposes of adverse possession, overcome the presumption, arising from the limitations of the deed, that the vendor only transferred to his vendee possession of the land within its calls. That is out of harmony with *Wollman v. Ruehle*, 104 Wis. 603, and many other cases in other courts that might be cited. It is out of harmony with the statute that continuous disseisin for twenty years turns the presumptions against the true owner, and repeated decisions in recent years in harmony with the statute. *Wilkins v. Nicolai*, 99 Wis. 178; *Meyer v. Hope*, 101 Wis. 123; *Wollman v. Ruehle*, 104 Wis. 603. That this court did not intend to hold that a paper transfer is essential to privity between possessions for the purposes of the statute of limitations, is clear. It has not been so understood, as indicated in *Ryan v. Schwartz*, 94 Wis. 403, and *Allis v. Field*, 89 Wis. 327, where *Graeven v. Dieves* and the cases ruled by it were referred to as authority, and it was

Illinois Steel Co. vs. Budzisz and wife.

distinctly said that a paper transfer is not essential to the tacking of adverse possessions together.

In *Dhein v. Beuscher*, 83 Wis. 316, speaking of a chain of title by successive possessions, the land being beyond the calls of the paper transfer, it was said, " The deeds fail to show privity." That was obviously correct. The deeds of themselves did not show privity as to any land except that within the calls of the deeds, but that did not prevent the fact, if it were a fact, that the property was bought as a whole,— there being an actual succession of possession pursuant to the purchase and hostile to any other right,— being of sufficient probative power to establish privity. The case most clearly out of harmony with the idea that *Graeven v. Dieves* only laid down a rule of evidence not intended to preclude a parol creation of privity between possessions, and clearly inconsistent with the idea that the essential of privity can be created by parol, accompanied by actual succession in possession, is *Ablard v. Fitzgerald*, 87 Wis. 516. There Mr. Justice Newman said, speaking for the court, and to the vital point in the case: " The defendant is without a chain of paper title. It does not appear that he has a deed conveying the disputed strip to him. The disputed strip is outside the forty acres. Without such a conveyance it is difficult to see how he can connect his own possession to the possession of his predecessor so as to make the adverse possession continuous. Without a deed of the strip it seems that the defendant can claim no right to the land founded upon adverse possession of his grantor. This seems to be the effect of *Graeven v. Dieves*, 68 Wis. 317." Language to the same effect was used in *Elofrson v. Lindsay*, 90 Wis. 203, and *Fuller v. Worth*, 91 Wis. 406, but the error in those cases, without directly overruling them, was largely corrected in *Ryan v. Schwartz*, 94 Wis. 403, and such error expressly discarded in *Wollman v. Ruehle*, 104 Wis. 603, and *Bishop v. Bleyer*, 105 Wis. 330, thereby bringing the law

Illinois Steel Co. vs. Budzisz and wife.

into harmony with what was really intended in the *Graeven Case*, and softening the rule of evidence so as to harmonize with the generally accepted doctrine on the question and the statute, both of which had been departed from.

Further discussion of the subject is unnecessary. Sufficient has been said to bring out clearly the true doctrine as understood by the court, that a paper transfer is not necessary to connect adverse possessions together; that privity, successive relationships to the same thing, is the connecting link; that a paper transfer is but a means of establishing the fact of privity, but not the only evidence; that the presumption that a person in possession of land who conveys part of it and transfers possession of the whole intended to transfer only that within the calls of his conveyance, and the presumption that a person in possession, not as owner, holds subject to the true owner, are mere rebuttable presumptions of fact that yield to any clear relevant evidence to the contrary, whether it be written, or inferential from facts established by positive evidence. *Meyer v. Hope*, 101 Wis. 123.

We might almost call the roll of the courts on that doctrine. The Missouri court said: "We know of no rule that requires written evidence to establish the fact of privity." *Menkens v. Blumenthal*, 27 Mo. 198. The Illinois court said, that where the owner, in possession of a strip of land, together with adjoining land, conveys the latter and transfers possession of the whole, and the grantee takes possession of the property as an entirety, the possession of that outside the calls of the deed being actual in both possessors, the presumptions in favor of the true owner and as to the limitations of the deed give way to the facts, and privity in adverse possession is established. *Faloon v. Simshauser*, 130 Ill. 649. The Alabama court said, that where a person holds land adversely, outside the calls of his deed, claiming a continuity of such possession from his grantor, the presumption that the latter only intended to create privity to the extent

of the calls of the deed may be overcome by proof that the former obtained possession of the property from the latter as a part of the land purchase, because a paper transfer to continue adverse possession in privity is not necessary. *Doth-. ard v. Denson*, 72 Ala. 541. To the same effect are *Erck v. Church*, 87 Tenn. 575; and *Kendrick v. Latham*, 25 Fla. 819. A few cases, it is conceded, are out of line with the doctrine stated.

Much difficulty experienced in regard to the law of title by adverse possession will be avoided by referring and adhering to the statutes where they cover the subject, and not treating rules of evidence as rules of law. The following recapitulation of principles necessarily or incidentally referred to in this opinion may be an aid to that end:

(1) Adverse possession should be strictly construed, all reasonable presumptions being made in favor of the true owner, including the presumption that actual possession is subordinate to the right of such owner; but such strict construction and such presumptions are subject to the following limitations.

(2) Good faith by the adverse claimant as to his right at the instant of entry, or during the limitation period, is not necessary, because the statute, by its terms, only requires actual, continuous, exclusive possession under such circumstances as to wholly dispossess the true owner both actually and constructively.

(3) Actual, continuous, exclusive possession for the statutory period, unexplained, displaces the presumptions in favor of the true owner, and creates a presumption of fact that such possession, and the commencement of it, were characterized by all the requisites to title by adverse possession, and that the title of the adverse claimant is perfect. The statute so provides.

(4) The letter of the statute requires only such adverse possession as will continuously exclude the true owner from

possession, whether actually or constructively, during the entire limitation period; that is, so far as the letter of the statute goes, a person in possession can successfully defend such possession against the true owner when he has been entirely excluded from possession for twenty years.

(5) By judicial construction, now a rule of property, the statute does not apply unless the exclusion of the owner from possession has been during the whole period by a single hostile possession, exercised either by one or more persons acting together, or by possessions in succession connected by privity between the actors.

(6) A transfer to connect successive possessions, in conformity to sec. 2302, Stats. 1898, is not an essential to the privity necessary to continue the mere dispossessed condition of the true owner.

(7) Privity denotes merely a succession of relationship to the same thing, whether created by deed or by other act, or by operation of law. If one, by agreement, surrender his possession to another and the acts of the parties are such that the two possessions actually connect, the latter commencing at or before the time the former ends, leaving no interval for the constructive possession of the true owner to intervene, such two possessions are blended into one, and the limitation period upon the right of such owner to reclaim the land is thereby continued, because, by the statute, as construed, the only essential to such continuity is that the dispossession of the true owner be actually continued.

(8) The calls of a deed, when title by adverse possession is claimed, limit the right as a matter of law:

(a) Where the ten-year statute, relating exclusively to claims of title founded on written instruments, is relied on;

(b) As to the extent which actual possession of a part will draw to it constructive possession of the whole;

(c) The extent to which title can be claimed by adverse possession under the instrument itself.

(9) The calls of the deed limit the right as a presumption of fact, where a person is in possession of lands outside of but adjacent to and together with lands within the calls of his deed; also where a person, being so circumstanced, by written instrument conveys the lands within such calls to another, and surrenders to such other possession of the whole.

(10) The first presumption last above mentioned yields to clear, relevant evidence showing that the possession outside the calls of the deed was not characterized by any recognition of the true ownership, whether that occur by mistake of boundaries or distinct hostile intention. The second of such presumptions yields to clear evidence that the premises were taken from a predecessor in possession as part of the property purchased, and that the two possessions so intentionally united were physically united by the successor going into possession at or before the time his predecessor went out of possession.

*By the Court.*— The judgment of the circuit court is affirmed.

On a motion for a rehearing counsel for the appellant contended, *inter alia,* that even a bare, naked possession of land is an interest in it, and a degree of title to it, sufficient at least to support an action of ejectment; and when such possession is accompanied by a claim of title or ownership, as Skoczek claims his was, down to the sale to *Budzisz,* and as it must have been to support the defense of adverse possession, it is not only an interest in the land, but it is title to it, and an estate in fee in it, until some one possessing a better title asserts and establishes it. *Bates v. Campbell,* 25 Wis. 613; *Swift v. Agnes,* 33 Wis. 239; *Link v. Doerfer,* 42 Wis. 394; *Hammer v. Hammer,* 39 Wis. 187; *Hacker v. Horlemus,* 74 Wis. 23; *Elofrson v. Lindsay,* 90 Wis. 203, 206; *Jones v. Bland,* 112 Pa. St. 176; *Hutchinson v. Perley,* 4 Cal. 33, 60 Am. Dec. 578; *Winans v. Christy,* 4 Cal. 70, 60 Am. Dec.

597; Adams, Ejectment, 137, 138; *Bequette v. Caulfield*, 4 Cal. 278, 60 Am. Dec. 615; *Richardson v. McNulty*, 24 Cal. 348; *Hubbard v. Barry*, 21 Cal. 325; *Bird v. Lisbros*, 9 Cal. 1, 70 Am. Dec. 617; *Plume v. Seward*, 4 Cal. 94, 60 Am. Dec. 599; *Jones's Adm'r v. Nunn*, 12 Ga. 472; Tyler, Ejectment, 70; Newell, Ejectment, 433, 434, and cases cited; *Keane v. Cannovan*, 21 Cal. 291, 82 Am. Dec. 738; *Pratt v. Phillips*, 1 Sneed, 543, 60 Am. Dec. 162; 2 Bl. Comm. 196; *Jackson v. Town*, 4 Cow. 599; *Jackson v. Parker*, 9 Cow. 84; *Jackson v. Jones*, 9 Cow. 192; *McLawrin v. Salmons*, 11 B. Mon. 96, 52 Am. Dec. 563; *Cain v. McCann*, 2 N. J. Law, 438, 4 Am. Dec. 384; *Den, Johnson v. Morris*, 7 N. J. Law, 6, 11 Am. Dec. 508; *Jackson v. Harder*, 4 Johns. 202, 4 Am. Dec. 262; *Thompson v. Burhans*, 61 N. Y. 68; *Miller v. Long Island R. Co.* 71 N. Y. 383; *New York v. Carleton*, 113 N. Y. 284; *Risch v. Wiseman*, 59 Pac. Rep. 1111; *Carleton v. Darcy*, 90 N. Y. 573; *Jackson v. Hazen*, 2 Johns. 22; *Whitney v. Wright*, 15 Wend. 171; *Hammond v. Doty*, 184 Ill. 246; *Griffin v. Spencer*, 6 Hill, 525; *Smith v. Lorillard*, 10 Johns. 356; *Day v. Alverson*, 9 Wend. 223; *Riverside Co. v. Townshend*, 120 Ill. 9; *Ricard v. Williams*, 7 Wheat. 59; *Goodwin v. Scheerer*, 106 Cal. 690; *Leonard v. Flynn*, 89 Cal. 543; *Christy v. Scott*, 14 How. 292; *Turner v. Aldridge*, 1 McAllister, 229; *Louisville & N. R. Co. v. Philyaw*, 88 Ala. 264; *Benefield v. Albert*, 132 Ill. 665; *Hollenback v. Ess*, 31 Kan. 88; *Douglass v. Ruffin*, 38 Kan. 530; *Redden v. Tefft*, 48 Kan. 302; *Jackson v. B. & W. R. Corp.* 1 Cush. 575; *McRoberts v. Bergman*, 132 N. Y. 73; *Tapscott v. Cobbs*, 11 Grat. 172; *Wilson v. Palmer*, 18 Tex. 592; *Adams v. Guice*, 30 Miss. 397. And not only is possession of lands title to them, at least in the first degree, and an interest in them which can be levied upon and sold under execution, which descends to the heirs of the possessor, and which will support an action of ejectment, but it is such an interest in them that a parol contract to buy or sell such possession is within the statute of

frauds and void. *Howard v. Easton*, 7 Johns. 205. A trans-
fer of the previous estate or right is an absolute necessity to
the privity of estate or right which the doctrine of tacking
requires, for if the previous possessor has no title or interest
he can convey none, a succeeding possessor obtains none, and
there can be no privity of estate or right or interest when
no estate or right or interest in fact exists.

The following opinion was filed April 27, 1900:

MARSHALL, J. It is profitable to have a case of this im-
portance, as regards the principles involved, brought to the
attention of the court a second time by a motion for rehear-
ing based on a careful study, by eminent counsel for the
losing party, of the reasons given for the judgment ren-
dered. That course, if it does not result in any relief for
the moving party, will generally bring sharply to notice any
error, either of law or fact, or unsoundness of reasoning, in
the opinion filed, that may otherwise remain uncorrected
for a sufficient length of time to cause prejudice to the rights
of parties in other litigation. If the reasons for the result
first reached stand the close scrutiny of counsel, ever ready
to seize upon the slightest weakness in an adverse decision
as ground for further proceedings, confidence in the sound-
ness of such decision must be materially strengthened
thereby. Such has been the result in this instance.

Counsel for appellant suggest a single point, only, in the
opinion of the court, wherein they confidently claim error
was committed, and that such error is the very foundation
stone of the decision adverse to their client. We said: " The
mere fact that a person is so circumstanced, as regards realty,
as to dispossess the owner thereof adversely, does not, till
the expiration of the statutory limitation upon the right of
such owner to reclaim that possession, vest any estate in
lands, within the meaning of sec. 2302, in such possessor,
nor is the substitution of another in his place, to continue

the dispossession of the true owner, the transfer of any such estate. Sec. 2302 and sec. 4207, Stats. 1898, the limitation statute, are entirely independent of each other." From that it is said that if possession of realty is an interest therein, contrary to the quoted language, then it cannot be transferred without compliance with sec. 2302.

Counsel cite to our attention numerous decisions to support the proposition that possession of land is evidence of an interest therein, and that the law will protect the possessor against hostile invasion of his possession by a wrongdoer. That is elementary. Possession is evidence of an interest in land, and of just such interest as the possessor claims, down to the mere naked occupancy by right (Newell, Eject-ment, 367; *Ricard v. Williams*, 7 Wheat. 105; *Jackson v. Porter*, 1 Paine, 457), the legal presumption being that a person so circumstanced is acting by right till that is rebutted.

Judge STORY said, in *Ricard v. Williams, supra:* "Title by possession, whatever it may be, rests upon possession; and the nature and extent of that possession must be judged of by the acts and circumstances that accompany it, and qualify, explain, or control it. Undoubtedly, if a person be found in possession of land, claiming it as his own, in fee, it is *prima facie* evidence of his ownership, and seisin of the inheritance. But, it is not the possession alone, but the possession accompanied with the claim of the fee, that gives this effect, by construction of law, to the acts of the party. Possession, *per se*, evidences no more than the mere fact of present occupation, by right; for the law will not presume a wrong. . . . From the very nature of the case, therefore, it must depend upon the collateral circumstances, what is the quality and extent of the interest claimed by the party; and to that extent, and that only, will the presumption of law go in his favor."

The foregoing limits the effect of possession, as evidence

of an interest in land, to possession at least presumed to be rightful. But no such interest is necessary to adverse possession under the limitation statute. That deals only with the fact of continued disseisin of the true owner for the statutory period, regardless of whether it be by a person claiming rightful possession or not. Such is the plain meaning of the statute, though, probably, till *Chicago & N. W. R. Co. v. Groh*, 85 Wis. 641, possibly till *Lampman v. Van Alstyne*, 94 Wis. 417, it was not clearly recognized.

In the last case cited it was said, in effect, that neither good-faith occupancy, in any other sense than actual hostile occupancy with intent to claim the property, nor occupancy accompanied by a claim of title or right to the property, is necessary to the running of the statute of limitations; that actual, exclusive, hostile occupancy, so as to completely dispossess the true owner, is all that is necessary.

We think sec. 2302 deals only with interests in land equal at least to the lowest title presumed by law from the fact of possession, and that, as such an interest is not necessary to the running of the limitation statute, the expression,— that the mere fact that a person is so circumstanced, as regards realty, as to dispossess the owner thereof adversely, is not an interest in lands within the meaning of sec. 2302, nor is the substitution of another in his place, to continue the dispossession of such owner the transfer of any such interest,— is correct. The expression in the opinion to that effect was followed by a statement that sec. 2302 and the limitation statute are entirely independent of each other, indicating that while mere possession, presumptively by right or with claim of right, may satisfy the former, exclusive hostile possession by a person without right, presumptively or otherwise,— by an acknowledged usurper,— will satisfy the latter. It is amply sufficient to create the condition of disseisin of the true owner, which is all the limitation statute calls for.

We are referred to the rule that a person without right cannot successfully defend his hostile invasion of the peaceful possession of another. *Bates v. Campbell*, 25 Wis. 613, is cited to that. There is no question as to the soundness of that proposition. No lawyer would dispute it. However, the mere legal right of a person who is in the peaceable, though wrongful, possession of land, to protection against the hostile invasion of that possession by a person having no better right, which exists for the purpose of peace and good order, is not an interest in land within the statute of frauds, and we find nothing in *Bates v. Campbell* indicating that it is. That case does not decide even that such mere right to legal protection is an interest in land under the statute on the subject of ejectment. The case did not go upon that theory, but upon the theory that the statute did not abrogate the common-law right to such legal protection.

Now we trust it has been made clear that, while possession with a claim, or the legal presumption, of right, is evidence of an interest in land, it only requires an actual, hostile, exclusive occupancy of land, without any presumption or claim of right, to satisfy the limitation statute; and that, as a physical continuation of that condition, without interruption sufficient to let in the seisin of the true owner, may take place by successive occupants in privity, that privity may be based on an oral authorization of the successor in possession to take the place of his predecessor. If Skoczek was not in possession of the property under a claim of right when he sold to *Budzisz*; and the latter took possession thereof under verbal permission of the former, we apprehend counsel for appellant would not venture the assertion that Skoczek could then have maintained ejectment against his vendee because the latter's permission to take possession was not in writing according to sec. 2302, Stats. 1898.

*By the Court.*— The motion for a rehearing is denied.